## MARYLAND CASUALTY CO. v. CLARK'S CREEK DRAINAGE DIST. #6.

Western Section.    November 12, 1926.

Petition for Certiorari denied by Supreme Court April 9, 1927.

1. **Appeal and error. Bill of exceptions can not be filed prior to final decree of trial court.**
    A bill of exceptions can not be filed prior to the final decree of the lower court and the case may be continued from term to term under advisement before the final decree is entered.

2. **Continuance. Chancellor or circuit judge taking the cause under advisement to a subsequent term is equal to a continuance.**
    Where a Chancellor or Circuit Judge takes a cause under advisement and decides it at a subsequent term, this is equal to a continuance and from a legal stand point is no more binding upon the parties than if no proof had been heard.

3. **Bonds. The bond required by section 3871-A-86, Shannon's Code of 1917 for the making of improvements in drainage districts may be joined in a bond required by sections 3546a4 to 3546a7, Shannon's Code of 1917, requiring bonds from contractors for public works.**

The two bonds required by statutes above-mentioned, or rather the conditions required by law to be inserted in the two bonds may be inserted in one instrument, in which event the instrument will become what is sometimes called a "dual" obligation, and the provisions or conditions thereof will be enforced in favor of the respective beneficiaries of such conditions or provisions. The insertion of the conditions and provisions for the protection of both the drainage district and the laborers and material men in one bond will not deprive the bond, if given in compliance with and conditioned substantially as required by a statute or statutes, of its character as a statutory bond. The drainage district may enforce provisions insofar as they protect it, and laborers and materialmen may enforce the provisions insofar as they protect them.

4. **Mechanic's lien. The filing of notice is a condition precedent to a recovery on a bond given for the benefit of laborers or the furnisher of material.**

In order for a laborer or furnisher of materials to a contractor doing public work to recover on a bond given by the contractor pursuant to the provisions of chapter 182 of the Acts of 1899, it is necessary for such laborer or material man to file an itemized statement of his claim therefor with the public officer in charge of the letting of the contract to the contractor who owes the money within thirty days after the contract is completed.

5. **Mechanics liens. Notice filed prior to the completion or abandonment of the contract is ineffectual.**

In order to hold the surety on such a bond the itemized statement of the claim must be filed within the thirty-day period beginning with the completion of the work or contract and ending thirty days from and after the completion thereof, and if such claim be filed at any other time or during any other period, whether such other time or period be before or after the completion of the work or contract, the surety on the contractor's bond will not be liable.

6. **Mechanics liens. Notice. The abandonment of a contract is held to be a completion of the contract within the meaning of chapter 182 of the Acts of 1899 for the purpose of giving notice of liens.**

If a contractor doing public work and who has executed a bond in compliance with the provisions of chapter 182 of the Acts of 1899, abandons the work or his contract, the time for filing of claims of laborers and materialmen in order to hold the surety on his bond liable begins at the time of the abandonment and ends thirty days thereafter. The abandonment is held to be a completion of the contract within the meaning of chapter 182 of the Acts of 1899, because, when such occurs, the contract is terminated so far as the contractor is concerned and all work that he intends to do thereunder is completed.

7 **Statutes. Sections 3546a4 to 3546a7, Shannon's Code held to control a bond given for the cutting of a drainage canal although drainage districts were not in existence at the time of the passage of these statutes.**

In an action where it was insisted that a bond given to a drainage district did not come under the provisions of sections 3546a4 to 3546a7 because drainage districts were not in existence at the time of the passage of these statutes and therefore they could not apply to such districts, held, a drainage district is a public work, being a public improvement in certain portions of one or more counties and that the Acts of 1899, chapter 182 would control the cutting of a drainage canal, the same as any other county improvement. The letting of a contract to cut or dig a drainage ditch is letting a contract awarded by certain public officers.

8. **Appeal and error. A party can not assume on appeal a position contrary to position taken in pleadings.**

A party will not be allowed on appeal to assume a position contrary and inconsistent with the position taken in the pleadings.

9. **Bond. Evidence.** Held that bond given by a surety company to a drainage district to cover the work of a contractor was given not only to the drainage district but also to secure laborers and furnishers of materials.

In an action to recover on a surety bond given to a drainage district for a contractor, held that the bond was a statutory bond given not only to secure the faithful performance of the contractor to the drainage district but also for the benefit of laborers and materialmen.

Appeal from Chancery Court, of Chester County; Hon. Tom C. Rye, Chancellor.

Reversed and remanded.

H. C. Anderson and J. T. Rothrock, of Jackson for appellant.

C. W. Hewgley, of Jackson, for appellee.

OWEN, J. The complainant, Maryland Casualty Company, has appealed from a decree rendered against it in favor of the cross-complainants, who were creditors of one John R. Thrasher. The bill was filed to enjoin defendants and cross-complainants from bringing suits in the various courts of Madison and Chester counties against complainant, as surety on a certain bond.

In its bill, the complainant alleged, among other things, that, on or about July 8, 1919, the defendant, John R. Thrasher was awarded and entered in a contract with the defendant, Clark's Creek Drainage District No. 6, whereby said Thrasher agreed that, in consideration of the sum of $16,000 to be paid to him as provided in said contract, he would furnish all necessary labor and materials and do all work necessary to complete a drainage ditch along Clark's Creek in Chester county, Tenn., in accordance with certain prepared plans and specifications; that said Thrasher, as principal, and complainant, as surety, executed a bond in the penalty of $4,000 to the State of Tennessee, for the use and benefit of said drainage district, conditioned for the faithful performance by said Thrasher of all of the covenants and agreements on his part contained in said contract and for the payment by said Thrasher for all labor and materials used in the performance thereof; and that said contract between said Thrasher and said drainage district, provided, among other things:

"It is further agreed that the contractor shall be paid the sum of $2500 in cash when his dredge boat is set up ready for operation and the work; and the Board of Directors will pay upon monthly estimates the sum of $800 or not exceeding this amount until such time as the sum of $2500 advanced is worked out or refunded, after which time the work will be paid for on the basis of 80 per cent of the completed and accepted work."

And also: '

"The Contractor further agrees that he will indemnify and save harmless said drainage district of labor done and materials furnished under this contract and shall furnish satisfactory evidence when called for by the board, that all persons who have done work, or furnished tools, machinery, etc., under this contract for which the district may become liable and all claims from corporations or individuals, for damages caused by an act, omission or neglect of the contractor, or his employees during the construction of said work, have been fully paid or satisfactorily secured and, in case such evidence is not furnished, an amount necessary and sufficient to meet the claims aforesaid will be held by the board, until the foregoing provisions have been complied with."

Complainant alleged in its bill that the foregoing provisions of the contract were some of the main inducements that caused it to sign the bond and guarantee the performance of said contract by said Thrasher.

Complainant alleged that it was not liable to any of the defendants, but if it was liable to the defendants who were making claims for labor and material, then complainant should have a judgment over against the drainage district and the directors thereof for the difference between the amount for which it might be held liable and the amount due Thrasher; that the directors of the drainage district claimed that Thrasher had failed to construct what was known as the Johnson lateral and that the directors had constructed this lateral and deducted the cost of the construction of the lateral from what was due Thrasher.

The Chancellor sustained the contention of the cross-complainants, and ordered a reference to ascertain the amount due the various cross-complainants. The complainant moved for a new trial. This was overruled. It prayed an appeal, but the appeal was disallowed until the coming in of the report of the Clerk and Master on the order of reference.

The Clerk and Master duly reported as to the claims due the various cross-complainants, amounting to, as a total $————. He also reported that the drainage district was due Thrasher $1800. This amount was ordered to be prorated among the various creditors, whose claims were allowed.

Complainant was given a decree against Thrasher for the aggregate amount of the various claims. The report of the Clerk and Master was excepted to by the complainant. The exceptions were overruled, the report confirmed and a decree pronounced thereon.

Complainant again moved for a new trial, which motion was overruled. It tendered a bill of exceptions, prayed and was granted an appeal, perfected the same, and has filed twenty-five assignments of error. Most of the errors go to the individual claims ranging from

$20.74 to much larger amounts, but reduced to their final analysis the assignments of error raise the following propositions:

(1)    That the Chancellor erred in not perpetually enjoining suits by each and all of the claimants who filed claims in this cause against complainant.

(2)    The Chancellor erred in not holding that the bond executed by John R. Thrasher, as principal, and the Maryland Casualty Co., as surety, to the State of Tennessee for the use of Clerk's Creek Drainage District No. 6, was, and is, a statutory bond insofar as it protects laborers and materialmen.

(3)    The Chancellor erred in not passing upon the question whether the bond as made and executed by John R. Thrasher as principal and complainant as surety, is a common law or statutory bond.

(4)    The Chancellor erred in holding that complainant was liable to any of the claimants, petitioners, or cross-complainants in any sum and in rendering decrees in their favor and against complainant for any sum whatever.

The rest of the assignments go to the individual claims.

Counsel for appellees insist that the appellants have failed to furnish a proper bill of exceptions. It is insisted that the cause was tried in the lower court on July 23, 1925; that it was heard by the Chancellor on oral testimony at the October term, 1924, and that the bill of exceptions should have been made up and filed within thirty days after the hearing at the October term, 1924.

Counsel for appellees rely upon the case of Railroad v. Fort, 4 Cates, 432; Rhineheart v. State, 14 Cates, 698; Dun v. State, 19 Cates, 267; Muse v. State, 106 Tenn., 181.

The final decree as found on page 354 of the Transcript recites that this cause was heard at the October term, 1924 of the chancery court of Chester county upon the pleadings and oral testimony of witnesses, who were, by the consent of the parties, examined in open court. The argument of solicitors for the respective parties, and after which hearing the cause was taken by the court under advisement and held under advisement until this date, July 23, 1925. The Chancellor then proceeded to pronounce his decree, holding complainant liable on the bond executed by John R. Thrasher as principal, and complainant, as surety, to laborers and materialmen.

The decree further shows that complainant excepted, prayed for an appeal, which appeal, at that time, was disallowed. Complainant, at that time, tendered an appeal bond for the purpose of perfecting said appeal. This application the court overruled and disallowed. The decree further recites that thereupon the complainant, Maryland Casualty Company, presented its bill of exceptions to the action of the court in making this decree and asked that it be allowed to file the same in order to preserve and make it a part of the record,

of the proceedings had at this term of the court, which application the court allowed and said bill of exceptions is signed and sealed and ordered to be made a part of the record in this cause.

After the Clerk and Master reported, which was on claims, and each was confirmed by the Chancellor, complainant excepted thereto, and the cause came on to be heard on the 15th day of April, 1926, as shown in two paragraphs of the decree. Another paragraph states that the cause was heard on the 26th day of January, 1926. We presume this is a typographical error as the Chancellor treated the final decree as bearing date of April 15, 1926.

The appeal bond was filed May 1, 1926. An appeal was prayed and granted on April 15, 1926 on condition that a proper appeal bond be executed and filed within thirty days. This decree cites the following:

The Maryland Casualty Company then again tendered the bill of exceptions offered in this cause on July 23, 1925, and moved that the same be again ordered to be made a part of the record in this cause, and again moved the court for a new trial on the grounds set out in its motion for a new trial filed on July 23, 1925. The court again overruled and disallowed said motion for a new trial, to which action of the court the Maryland Casualty Company again excepted and prayed and was granted an appeal to the Court of Appeals, sitting at Jackson. Said bill of exceptions is again allowed and ordered to be made a part of the record in this cause.

The bill of exceptions begins on page 78 of the transcript and ends on page 353, and at page 353, the record shows that the Chancellor signed the bill of exceptions on the 23rd day of July, 1925, and the same was filed with the Clerk and Master on that date.

We are of the opinion that the bill of exceptions was filed within proper time. The complainant could not have filed the bill of exceptions prior to the decree of the Chancellor dismissing complainant's bill and granting relief upon the cross-bills filed. Where a Chancellor or Circuit Judge takes a cause under advisement and decides it at a subsequent term, this is equal to a continuance and from a legal stand point is no more binding upon the parties than if no proof had been heard. The Chancellor signed a proper bill of exceptions within thirty days after he pronounced his decree and the bill of exceptions was filed with the Clerk and Master, the same day signed by the court.

The next question to be determined is whether or not this bond executed by complainant is a common law bond or a statutory bond.

We copy from the contract as follows:

"The contractor further agrees that he will indemnify and save harmless said drainage district of labor done and material furnished under this contract and shall furnish satisfactory evidence when

called for by the board, that all persons who have done work or furnished tools, machinery, material, etc., under this contract for which the district may become liable, and all claims from corporations or individuals for damage caused by an act or ommission or neglect of the contractor or his employees during the construction of said work, have been fully paid or satisfactorily secured and in case such evidence is not furnished, an amount necessary and sufficient to meet the claims of the persons aforesaid will be held by the board until the foregoing provisions have been complied with.   The contractor further agrees that the board may retain, out of any money due the contractor, sums sufficient to cover any unpaid claims of mechanics, laborers or furnishers for labor performed or material furnished under this contract or for damages.   And the bond executed by said contractor shall be in full compliance with chapter 182 of the Acts of 1899 of the General Assembly of the State of Tennessee passed for the protection of laborers and furnishers of material on public work.''

On August 15, 1919, John R. Thrasher, the contractor, as principal, and complainant, as surety, executed a certain bond, which is the foundation for this law suit and the conditions of said bond are as follows:

''In consideration of the completion by the contractor of all of the work embraced in the foregoing contract, plans and specifications as set out and shown in engineer's report and in conformity therewith and the payment of the sums therein mentioned, said John R. Thrasher, principal, and Maryland Casualty Company of Baltimore, Maryland, as surety, hereby bind themselves, their respective heirs, executors, administrators, successors or assigns unto the State of Tennessee, for the use of Clark's Creek Drainage District No. 6 in Chester county, Tennessee in the sum of four thousand ($4,000) dollars lawful money of the United States of America conditioned that in thie event the said John R. Thrasher shall faithfully and properly perform the foregoing contract according to all the terms thereof and shall as soon as the work contemplated by this contract shall have been completed or when the sums are due pay the proper party all amount due for material and labor used and employed in the performance thereof, and shall faithfully perform all requirements duty as an obligation in the discharge of all claims whatsoever accruing or chargeable against the said John R. Thrasher or contractor.   And also in full compliance with chap. 182 Acts of 1899 of the General Assembly of the State of Tennessee then this obligation to be void; otherwise to remain in full force and effect.

''This bond covers all terms and provisions of the foregoing contract plans and specifications as set out in the engineer's report

which is hereby made a part of this obligation as if the same were specifically copied herein.

"And it is expressly agreed by and between all of the parties hereto that no extension of time or alterations in, additions to or omissions from the work provided for in the contract plans and specifications although without consent of said surety shall violate this bond or discharge said surety.

"Witness our hands this the 15th day of August, 1919."

"(Signed) John R. Thrasher,

"Maryland Casualty Company,

"By Clinton W. Foley,

"Attorney in Fact."

The contract required that the work be finished on or before May 1, 1920. Thrasher began work about the first of September, 1919. He abandoned the contract the latter part of August or the first of September, 1920. At that time the Board of Directors negotiated another contract between Thrasher and one R. O. Leeper, who appears in this record as a creditor of Thrasher. In this contract it was provided that Leeper was to use Thrasher's dredge boat and Leeper was to be paid 10 cents per cubic yard for all excavating to be done by him. Leeper began work about the first of September, 1920. Leeper worked until some time in December, 1920, when it appears that work was abandoned. Leeper later took up work and worked on the drainage canal until July, 1921. It appears that at the time of the final decree in this cause the ditch had not been quite completed and the Clerk and Master, by agreement of counsel, reported that $50 would complete the drainage ditch and this amount was withheld from the funds that the directors had on hand. It appears that the directors had about $1800 in their hands, at the time of the final hearing and this was prorated amount Thrasher's creditors.

By section 3871a86 Shannon's Code of 1917, which relates to the letting of contracts for the making of improvements in drainage districts, it is provided:

"The successful bidder shall be required to execute a bond, with sufficient sureties, payable to the county for the use and benefit of the drainage or levee district in an amount equal to twenty-five per centum of the estimated cost of the work so let, or he may deposit such amount in cash with the treasurer of the Board of Directors as security for the performance of his contract, and upon the execution of such bond or the making of such deposit, the deposit originally made with his bid shall be returned to him." Sec. 3871a86 Shannon's Code 1917.

Sections 3546a4 to 3546a7 Shannon's Code of 1917, wherein chap. 182 of the Acts of 1899 is codified, require that contractors for public

works shall give bonds to protect laborers and material men doing work and furnishing materials for such public works, and give such laborers and material men, under certain conditions, the right to sue on such bonds. Said sections are as follows:

"3546a4. No contract shall be let for any public work in this State, by any city, county, or State authority, until the contractor shall first execute a good and solvent bond to the effect that he will pay for all of the materials and labor used in said contract, in lawful money of the United States. The bond to be given under this section shall be for one-half of the contract price on all contracts of $2,000, or under; one-half of the first $2,000 and thirty-five per cent of all over that amount on all contracts between $2,000 and $5,000; and one-half of the first $2,000, and thirty-five per cent on the next $3,000, and twenty-five per cent on the balance of all contracts over $5,000. Where advertisement is made, the condition of the bond shall be stated in the advertisement; provided, that this section and sections 3546a5, 3546a6 and 3546a7 shall not apply to contracts under $100.

"3546a5. Any laborer or furnisher of material may bring an action on such bond, and make recovery in his own name, upon giving security or taking the oath prescribed for poor persons as provided by law, and in the event of such suit, the city, county, or State shall not be liable for any costs accruing thereunder.

"3546a6. If any public officer, whose duty it is to let or award contracts, shall let or award any contract without requiring bond for the payment of labor and material, in compliance with the provisions of section 3546a4 such officers shall be guilty of a misdemeanor.

"3546a7. The laborer or furnisher of materials, to secure advantage of sections 3546a4 and 3546a5 shall file with the public officer who has charge of the letting of any contract, an itemized statement of the amount owed by the contractor for materials and labor used within thirty days after the contract is completed." Sections 3546a4 to 3546a7 Shannon's Code, 1917.

The two bonds required by the statutes above-mentioned, or rather the conditions required by law to be inserted, in the two bonds, may be inserted in one instrument, in which event the instrument will become what is sometimes called a "dual" obligation, and the provisions or conditions thereof will be enforced in favor of the respective beneficiaries of such conditions or provisions. The insertion of the conditions and provisions for the protection of both the drainage district and the laborers and materialmen in one bond will not deprive the bond, if given in compliance with and conditioned substantially as required by a statute or statutes, of its character as a statutory bond. The drainage district may enforce provisions insofar as they protect it, and laborers and materialmen may enforce the

provisions insofar as they protect them. City of Bristol v. Bostwick, 139 Tenn., 304; Cass v. Smith, 146 Tenn., 218; Equitable Surety Co. v. U. S., 234 U. S., 448, 58 U. S. (Law Ed.), 1394.

The broad provisions of sections 3546a4 and 3546a5 of Shannon's Code of 1917 might be construed to protect laborers for and furnishers of materials to a sub-contractor, were it not for the provisions of section 3546a7. Section 3546a7 limits liability on the bond of the public contractor to those laborers and furnishers of material who sustain contract relations with the principal maker of the bond. Templeton v. Nipper, 23 Pickle, 548.

In order for a laborer or furnisher of materials to a contractor doing public work to recover on a bond given by the contractor pursuant to the provisions of chap. 182 of the Acts of 1899, it is necessary for such laborer or materialman to file an itemized statement of his claim therefor with the public officer in charge of the letting of the contract to the contractor who owes the money within thirty days after the contract is completed. Such filing is a condition precedent to the right to maintain an action or obtain a recovery on such bond. Sec. 3546a7 of Shannon's Code 1917; Crumley v. Reicon Co., 4 Higgins, 645.

A filing of a claim of a laborer or materialman against a contractor doing public work with the proper public officer before the completion of the contract of the contractor owing the money is ineffectual for the purpose of creating liability on the bond of the contractor given under and in pursuance of chap. 182 of the Acts of 1899. In order to hold the surety on such a bond the itemized statement of the claim must be filed within the thirty-day period beginning with the completion of the work or contract and ending thirty days from and after the completion thereof, and if such claims be filed at any other time or during any other period, whether such other time or period be before or after the completion of the work or contract, the surety on the contractor's bond will not be liable. City of Bristol v. Boswick, 139 Tenn., 304; City of Bristol v. Boswick, 146 Tenn., 205; Cass v. Smith, 146 Tenn., 218; Kimball v. Parks, 151 Tenn., 103.

If a contractor doing public work and who has executed a bond in compliance with the provisions of chap. 182 of the Acts of 1899, abandons the work or his contract, the time for filing of claims of laborers and materialmen in order to hold the surety on his bond liable begins at the time of the abandonment and ends thirty days thereafter. If the claims are not filed within said period of thirty days, the surety on the bond is not liable therefor. The abandonment is held to be a completion of the contract within the meaning of chap. 182 of the Acts of 1899, because, when such occurs, the contract is terminated so far as the contractor is concerned and all work

that he intends to do thereunder is completed. City of Bristol v. Bostwick, 139 Tenn., 304; City of Bristol v. Bostwick, 146 Tenn., 205; Cass v. Smith, 146 Tenn., 218; Kimball v. Parks, 151 Tenn., 103.

It appears from the pleadings that the petitioners asserted and treated the bond executed by Thrasher and the complainant as a statutory bond. It is now insisted by learned counsel for appellees that chap. 182 of the Acts of 1899 as shown in Shannon's Code sections 3546a4 to 3546a7 does not control because no law had been enacted in 1899 whereby drainage districts could be created.

We are of the opinion however that a drainage district is a public work, being a public improvement in certain portions of one or more counties and that the Acts of 1899, chap. 182 would control the cutting of a drainage canal, the same as any other county improvement. The letting of a contract to cut or dig a drainage ditch is letting a contract awarded by certain public officers. They are not public officers in the sense of being a constitutional office but they are selected to serve the public, and the directors of a drainage district perform certain public duties.

We are of the opinion that the bond executed by complainant is a statutory bond and petitioners should be governed by the terms of the statute in section 3546a7 with reference to filing claims owing by the contractor for materials and labor controls and governs in the instant case.

We are further of the opinion that petitioners and claimants cannot now take the position that said bond was and is not a statutory bond for the reason that such a position is contrary and inconsistent with the position they have taken in their pleadings. Stemper v. Venerable, 117 Tenn., 557; Grizzard v. Fite, 10 Thompson, 103; Stearns Coal & Lbr. Co. v. Railroad Co., 14 Thompson, 203.

We are of opinion that by the terms of the contract entered into by and between Thrasher, the original contractor and R. O. Leeper, with the drainage district commissioners, that Leeper was, continuing Thrasher's contract, and the contract was not finally completed, or abandoned, which is disputed, until some time in August, 1921. This appears from the evidence of J. M. Fry, secretary of the drainage district.

It appears that Thrasher gave an order to Leeper on July 7, 1921 to the drainage commissioners for $1054 for work done on the drainage ditch. This was paid and Mr. Fry states that the work ceased about Aug. 1, 1921.

From the evidence before us we are of the opinion that the work ceased August 1, 1921 and that claims should have been filed within thirty days from August 1st, or by September 1, 1921. It doesn't appear that any claim was filed during the month of August or

September, 1921. A few claims were filed prior to August 1, 1921, and some were filed later than September, 1921.

It is further to be observed that none of these claims for material and labor seek any relief against the drainage district and it is further to be observed that the drainage district does not seek any relief against the complainant, or against Thrasher. There appears to be no exception to the decree of the Chancellor in distributing the $1800 among the various claimants. It further appears that three claims were allowed for groceries and for board, being the claims of L. C. Finney, a laborer, who boarded himself; J. A. Davis, for groceries and P. L. Parish for board furnished Thrasher's employees. None of these claims would be a liability against complainant if the claims had been filed within thirty days after the contract was abandoned or completed. Southern Coal Co. v. Haliburton, 149 Tenn., 319.

We are of the opinion that the Chancellor was in error in not sustaining complainant's bill and granting it the relief sought and that assignments of error one and three are sustained. The other assignments become immaterial as we view this law suit. The decree of the Chancellor is reversed and the cause will be remanded to the chancery court of Chester county for the purpose of paying out the $1800, or whatever amount the Clerk and Master has, arising from the funds that had not been distributed by the drainage commissioners, which distribution will be made in accordance with the decree heretofore entered by the Chancellor and this court, not being entirely satisfied, with the proof as to the date of the filing of all the claims for labor and material, a reference will be had and if any claimants properly filed his claim for labor and material with the proper official, during the month of August, 1921, then such claim should be allowed and the complainant would be liable therefor, provided the claimant furnished labor or material in constructing said drainage canal, known as Clark's Creek No. 6.

The defendant claimants will pay one-half of the cost of this appeal. Complainant will pay one-half of the cost of the appeal. The cost of the lower court will be paid as adjudged by the Chancellor.

Heiskell and Senter, JJ., concur.