### B. E. BUFFALOE & COMPANY v. J. W. JONES et al.

Western Section.    December 20, 1927.

No petition for Certiorari was filed.

1. **Mechanics' liens. Notice. Notice of intention to file lien must be given within thirty days after contract is completed or abandoned.**
   No lien can be had for furnishing materials for the use and construction of any building until the notice required by statute has been given.

2. **Mechanics' liens. Notice. Notice given before completion or abandonment of the contract is premature.**
   In an action to establish a lien on a public building where the evidence showed that the notice of intention to file a lien was given previous to the abandonment of the contract, held that the notice was premature and plaintiff did not have a lien.

Appeal from Chancery Court, Shelby County; Hon. D. W. De-Haven, Chancellor.

Affirmed.

Sam Taubenblatt and James H. Malone, of Memphis, for appellant.

Wilson, Gates & Armstrong and Sivley, Evans & McCadden and L. E. Farley, all of Memphis, for appellee.

OWEN, J. B. E. Buffaloe & Company, hereinafter referred to as complainants, have appealed from a decree of the chancery court dismissing their bill. The bill was filed December 28, 1923, against J. Walter Jones, the Board of Education of Memphis, the Hartford Accident & Indemnity Company and also against the City of Memphis. It appears that a demurrer filed on behalf of the City of Memphis was sustained and no exception or assignment is now made as to the action of the court in dismissing the bill as to the City of

Memphis. Said bill was dismissed without prejudice as to J. Walter Jones. We infer that no service was ever had on Jones. Buffaloe & Company are contractors, and the bill in the instant case was filed to enforce a lien and collect an indebtedness of $2598.20 for brick work done by Buffaloe & Company on a certain school building known as the Richmond High School in the City of Memphis. The Board of Education in 1922 entered into a contract with J. Walter Jones to erect the Richmond High School building. J. Walter Jones executed an indemnity bond with the Hartford Accident & Indemnity Company as surety on said bond.

The bill alleged that during the latter part of February, 1923, the defendant J. Walter Jones informed complainant that he was financially embarrassed and could not proceed further with the erection of said building, and complainant alleged that "complainant would further show that he gave written notice of his claim to L. C. Humes, president of the Board of Education of the Memphis City Schools, and J. Walter Jones by letter under date of March 6, 1923, enclosing complainant's itemized bill to each of said defendants and advising that complainant desired to establish a lien on said building for labor, and material furnished on said building according to the itemized bill therewith enclosed."

The Board of Education in its answer admitted the contract with Jones; that the Hartford Accident & Indemnity Company executed an indemnity bond in the sum of $88,000. It admitted that it had received notice on March 6, 1923, as alleged by complainant. It denied that complainant had any right of claim or lien against it by virtue of said notice. The Indemnity Company filed an answer denying all of complainant's material allegations.

Proof was taken, and Chancellor D. W. DeHaven, in dismissing complainant's bill, filed the following finding of facts:

"(1) J. Walter Jones contracted with the Board of Education of the City of Memphis, to erect the South Side High School. He was the general contractor; complainants had a contract with J. Walter Jones for the brick work on said building. For this work, there is a balance due complainants of $2598.20.

"(2) Complainants finished this work sometime in August or September, 1922. In the summer of 1923, after receiving objections by the architect, complainants went over some of the work, and for which they made no charge.

"(3) The Hartford Accident & Indemnity Company, a defendant here, was the surety on the bond of the general contractor, J. Walter Jones. On March 10, 1923, Jones' contract with the Board of Education of the City of Memphis was terminated, and ended by mutual agreement of the parties. The creditors of J. Walter Jones were notified of this fact; and on March 19, 1923, complain-

ants received a letter from J. Walter Jones advising them that his (Jones') contract had been cancelled on March 10, 1923. Under the statute (Acts 1899, ch. 182) this cancellation and ending of Jones' contract for the erection of the school house, made it necessary that subcontractor and materialmen holding unsatisfied claims against Jones, within thirty days of such cancellation file written notice with the Board of Education of the nature and amount of their respective claims. This complainant did not do.

"(4)   On March 6, 1923, complainants filed an itemized statement of this account with L. C. Humes, president of the Board of Education. This notice was received by said board prior to March 10, 1923. At the time of the giving of said notice, Jones had not terminated or cancelled his contract with the board, nor had he abandoned the job. This notice was, therefore premature.

"On September 26, 1923, complainants sent written notice, enclosing itemized account, to Dobbins, Jones & Company, agents for Hartford Accident & Indemnity Company, with copies to the Board of Education and to Wilson, Gates & Armstrong, attorneys. This notice was long after the termination of the contract between J. Walter Jones and the Board of Education, and not within thirty days of such termination, as required by statute.

"(5)   The Hartford Accident & Indemnity Company had nothing whatever to do with the work on said school building until a new contract for the completion of the building with the same board.

"(6)   Complainant having failed to comply with the requirement of statute that itemized statement of account be filed with the authority letting the contract, within thirty days of the completion thereof it follows that the bill must be dismissed at their cost.

"June 9, 1927.

"(Signed) D. W. DeHaven, Chancellor."

Additional finding of facts:

"At the time Buffaloe & Company entered into contract with J. Walter Jones, it was a partnership composed of B. E. Buffaloe and W. C. Brock, operating as B. E. Buffaloe & Company.

"June 15, 1927.          (Signed) D. W. DeHaven, Chancellor."

The complainant duly excepted to the decree dismissing his bill, prayed and was granted an appeal to this court, which appeal he perfected, and has assigned two errors: The first is. the court erred in holding that the notice on March 6th, filed by complainants was premature, and that complainants were not entitled to any relief.

The second assignment is, the Chancellor was in error in decreeing as follows: "B. E. Buffaloe Company is a partnership consisting of B. E. Buffaloe and W. C. Brock, was a fact not in issue under the pleadings, was beyond the scope of the pleadings and for

this reason was of no validity; wherefore the same was erroneous and should be treated as void; or at most the same was cured by the decree on the hearing."

As to the second assignment, we are of opinion that this is immaterial. No judgment was rendered against W. C. Brock and said assignment is overruled because it is immaterial and no one is prejudiced thereby. The question determinative of this appeal is whether or not Buffaloe & Company gave notice to the Board of Education of its claim of a lien, accompanied by an itemized statement of the account, within thirty days after the main contractor, J. Walter Jones, had abandoned his contract. Appellant insists that such notice was given; the defendants insist that the notice was premature; that the contract was not abandoned until March 10th. Section 3546a7 of Shannon's Code, which is relied on by complainant, is as follows: "The laborer or furnisher of materials, to secure advantage of sections 3546a4 and 3546a5, shall file with the public officer who has charge of the letting of any contract an itemized statement of the amount owed by the contractor for materials and labor used within thirty days after the contract is completed."

Complainant insists that this statute should be liberally construed. "The law is strict in its requirements that the claimant must make it to clearly appear that he has a lien; that when that appears, remedial laws for its enforcement are to be liberally construed." Thompson v. Baxter, 92 Tenn., 305; 21 S. W., 668; 36 Am. St. Rep., 85.

If J. Walter Jones, the contractor, did not abandon his contract with the Board of Education until March 10, 1923, the complainant's notice of March 6, 1923, became ineffectual because prematurely delivered. Bristol v. Bostic, 146 Tenn., 205, 204 S. W., 774; Bristol v. Bostwick, 139 Tenn., 304, 202 S. W., 61; Hotel Co. v. Construction Co., 135 Tenn., 305; 186 S. W., 115; Mfg. Co. v. Fall, 92 Tenn., 609; 22 S. W., 856.

Such claims must be filed within thirty days after the present contract is completed, or, in case of a defaulting contractor, within thirty days after contractor abandons the work. Cass v. Smith, 146 Tenn., 231; 247 S. W., 78.

Since no lien can be had upon public property, the Act of 1899 was passed for the purpose of giving to one furnishing material for use in the construction of a public building the same protection afforded him under the mechanic's liens statutes for material furnished for a private building; and the same rules of construction applied in both cases. Hotel Co. v. Construction Co., supra.

After a careful analysis of the evidence and a proper consideration of the entire record, including the able briefs of learned counsel, and the able argument presented by both sides at the bar of this

court, we are of opinion that the contract between J. Walter Jones and the Board of Education was not abandoned until March 10, 1923, and complainant's notice of March 6th, was premature; and we agree and approve the findings of fact of the Chancellor.

It appears from the record that the Board of Education was having some trouble with J. Walter Jones and there were some negotiations and conferences in regard to the trouble that Jones was in with the Board of Education, which conferences were had prior to March 10th, the first being on March 2, 1923, but the contract was not canceled and ended between Jones and the Board of Education until March 10, 1923. Other claimants who furnished material for this same contract sued the Broad of Education, J. Walter Jones and the Indemnity Company in the chancery court and recovered judgments basing the recovery upon a notice served upon the vice-president of the Board of Education on March 18, 1923. It appears that Jones, the contractor, mailed letters to his contractors and materialmen on March 19, 1923, informing them that his contract had been canceled on March 10th.

Learned counsel for appellant has quoted an excerpt from an opinion rendered by this court in the case of Henry Weis Manufacturing Co. v. J. Walter Jones et al., in which it was said that, while the Chancellor held that J. Walter Jones did not abandon his contract until March 10, 1923, "we are of opinion that appellant (meaning the Indemnity Company) was in charge of the building from February 26th when it accepted the amount of cash paid at that time by the Board of Education to Jones, and appellant began to pay certain laborers and materialmen out of said estimate. The complainant in the instant case was not a party to the case of Henry Weis Manufacturing Company et al., against these same defendants, and the facts in that case are different from those in the instant case; and what we held in the Weis Manufacturing Company case, could not be termed the law in the instant case. In the Weis Manufacturing Company case we did not hold that the contract was abandoned or canceled prior to March 10, 1923. We simply stated the facts in that case in regard to the appellant being in charge of the building from February 26th. No such proof is offered in the case at bar. As to the termination of the contract, we quote from Mr. Morgan Ketchum's testimony, who was a member of the Board of Education, and chairman of the building committee of the Richmond High School. Mr. Ketchum is now one of the Chancellors of the chancery court of Shelby county. Said testimony is as follows:

"A. Jones had gotten behind and had given the board to understand that he couldn't finish the contract, and had several meetings at which he and the representatives of the bonding company and a member of claimants were present; and finally about the 1st of

March he notified the board that he would not be able to complete the job and proposed to turn it over to the bonding company to complete it, but in order that the contract might be complied with it was decided that this letter should be written by Mr. Pfeil notifying the board that sufficient cause existed for terminating the contract and that the board would notify Jones that on the 10th of March, or seven days after that meeting, the board would declare the contract terminated; and it was then understood at that meeting that the bonding company would at that time take charge and complete the building. It was a friendly termination of the contract, not opposed by Jones, and that method of terminating the contract was resorted to because of the provision in the contract that seven days' notice to terminate it should be given, and it was understood that Jones would turn the job over to the bonding company on the 10th day of March.

"Q. And that plan was carried out? A. Yes, sir; that was what we were undertaking to do."

There was nothing to keep Jones from going ahead with his contract prior to March 10, 1923, had he so desired.

It results that the assignments of error are overruled and disallowed and the decree of the Chancellor is in all things affirmed.

Complainant and surety on appeal bond will pay the cost of the cause, including the cost of appeal, for which execution will issue.

Heiskell and Senter, JJ., concur.