HOGAN *v.* WALSH & WELLS, INC., *et al.*

(*Jackson,* April Term, 1942.)

Opinion filed February 5, 1944.

FRAZER & CLIFTON, of Memphis, for complainant.

B. J. SEMMES and SHEPHERD, HEISKELL & WILLIAMS, all of Memphis, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The only question presented for our determination on the petition for *certiorari* filed by the Standard Accident Insurance Company, which has been granted and argument heard, is whether the Insurance Company, surety on the bond of Walsh & Wells, Incorporated, to the City of Memphis, is liable to the complainant Hogan for labor and materials furnished for a public works contract, although Hogan did not give notice of his claim within the time required by the statutes.

The chancellor held that the cause was controlled by the cases of *City of Bristol* v. *Bostwick*, 139 Tenn., 304, 202 S. W., 61, and *Cass* v. *Smith*, 146 Tenn., 218, 240 S. W., 778, where it was held that the bonds sued on were dual in their nature, executed (1) for the purpose of indemnifying the cities against losses arising from any defaults of the contractors in the completion of the work in accordance with the terms of the contracts, and (2) to secure the payment in full of claims for labor and materials used in the construction of the projects. In the two cases cited

above it was held that the bonds had two aspects, but that the performance condition of the bonds on account of their language did not change the feature of the instruments as to the claims for labor and materials.

In the instant cause, however, it is insisted by complainant Hogan that the language in the bond was materially different from that appearing in the bonds in the cases above cited.

We think the present cause is distinguishable from the cases referred to and also the recent case of *City of Knoxville* v. *Melvin F. Burgess*, 180 Tenn., 412, 175 S. W. (2d), 548, in that the work was done under the provisions of the Federal Emergency Administration Public Works Act, 40 U. S. C. A., sec. 270a et seq., which authorizes the making of federal loans and grants to municipalities for the construction of public work projects to relieve the nation-wide unemployment, and the contract for the construction of this project required of the contractor not only what was required of him by the State Public Works Act but also what was required under the Federal Public Works Act. In accordance with the policy of said Act, the contract required (1) that the bond should be for the full amount to be paid for the construction of the project of over $400,000, or nearly four times the amount of a bond required of contractors under the State Public Works Act; and (2) that the bond should secure the City for the payment of all bills, including the hiring of teams, equipment or machinery, and the operators thereof used on the work, and for oil and gasoline consumed, and for all labor performed on the work.

The condition of the bond itself is as follows:

". . . the said contractor shall assume all undertakings under said agreement or contract and shall assure

and protect all laborers and furnishers of material on said work both as provided by Chapter 182 of the Acts of the General Assembly of Tennessee of 1899, and any and all amendments thereto, including, without being limited to, Chapter 121 of the Public Acts of 1923, and Chapter 121 of the Public Acts of 1925, all of which were codified and re-enacted in Sections 7955-7959 inclusive, of the Code of Tennessee of 1932, and also independently of said statutes.

"Now, therefore, if the said contractor shall fully and faithfully perform all undertakings and obligations under the said agreement or contract hereinbefore referred to and shall fully indemnify and save harmless the said owner from all costs and damage whatsoever which it may suffer by reason of any failure on the part of said contractor so to do, and shall fully reimburse and repay the said owner any and all outlay and expense which it may incur in making good any such default and shall fully pay for all the labor, material and work used by said contractor or any immediate or remote contractor or furnisher of material under him in the performance of said contract, in lawful money of the United States as the same shall become due, then this obligation or bond shall be null and void, otherwise to remain in full force and effect."

As to that part of the bond relating to the claims of laborers and furnishers of material, the condition of the bond is that the contractor "shall assure and protect all laborers and furnishers of material of said work . . ., and also independently of said statutes."

In the three cases cited above the bonds were held to be statutory bonds because the conditions in the bonds were limited to the language of the statutes, and the

furnishers of labor and materials had no right of action against the obligors except by virtue of the statutes. Here the language of the bond is broader and more comprehensive and exceeds the provisions of the statutes and refers to the statutes, ''and also independently of said statutes.'' The Court of Appeals held that the words ''and also independently of said statutes'' must be given some meaning and were no doubt added for the protection of those persons who might furnish labor and materials on said contract but who for some reason might not be entitled to recover by virtue of the statutes, and that this provision was inserted in the bond in accordance with the policy of the Federal Emergency Administration to furnish employment to a large class of people who were unemployed in a time of widespread depression and naturally to see that they were paid their just claims, notwithstanding their failure to meet the requirements of the statutes.

The parties were capable of entering into such an undertaking. The City had authority to demand a bond broader in its scope than that required by the State statutes, and the surety in the regular course of its business, and no doubt for a sufficient consideration, assumed all the obligations and conditions incorporated in the bond.

Where a statute requires that the contractor for a public improvement shall ''give a bond conditioned for the payment of labor and materials, the bond may be conditioned more broadly than the statute requires, and if a bond so conditioned is voluntarily given in consideration of the contract, its extra-statutory provisions may be enforced as a valid common-law obligation.'' 43 Am. Jur., Public Works and Contracts, sec. 146; *Clatsop Coun-*

*ty ex rel. Hildebrand* v. *Feldschau,* 101 Or., 369, 199 P., 953. 954, 18 A. L. R., 1221.

In the *Feldschau case,* in addition to the statutory condition "that such contractor or contractors shall promptly make payments to all persons supplying him or them labor or materials," etc., the bond was also conditioned to pay "all just debts, dues, and demands incurred in the performance of such work." In holding that the surety was liable under this latter provision, the Court said in 101 Or. at page 374, 199 P. at page 955, 18 A. L. R., at page 1224:

". . . The surety company in the ordinary course of business, and it may be fairly assumed for compensation, voluntarily obligated itself as sponsor for Feldschau in the faithful performance of the contract, and the performance of all of the conditions incorporated in the bond. The parties were competent to enter into the undertaking. The bond was not repugnant to the letter or policy of the law, but was strictly in accordance with the policy of the law in this state to provide for the payment of labor and supplies and expenses in the construction of public works. Although the statute did not require all of the conditions to be enumerated in the bond, the county authorities were under a moral duty to protect persons with whom the contractor incurred such indebtedness in the performance of the work. The award of the contract for the improvement was a sufficient consideration for the promise of the contractor and his surety to pay such indebtedness. It is generally held that those furnishing supplies or extending credit, for whose benefit such a bond is given, may sue upon the bond, on the principle that the third person for whose benefit a contract is made by another may maintain

an action thereon, although the consideration does not directly move from such third person.''

See also *Puget Sound State Bank* v. *Gallucci*, 82 Wash., 445, 144 P., 698, Ann. Cas. 1916A, 767.

We therefore hold that the condition ''and also independently of said statutes'' will inure to the benefit of laborers and materialmen so as to make the bond a common-law obligation rather than strictly a statutory one as to labor and materials.

It results that the decree of the Court of Appeals will be affirmed.