**VARNER CONSTRUCTION CO., INC., Appellant,**

v.

**MID–SOUTH SPECIALTIES, INC., Appellee.**

Supreme Court of Tennessee.

March 7, 1977.

Ralph D. Golden, Ben G. Sissman, Memphis, for appellant.

Larry B. Creson, Jr., Memphis, for appellee.

## OPINION

BROCK, Justice.

This is an action to recover upon a contractor's bond conditioned to pay for labor and materials furnished in the performance of a contract to construct a fire station for the City of Memphis. We must determine which statute of limitations is applicable and whether or not the suit is barred.

Defendant, Varner Construction Company, was the general contractor and executed the bond in question as required by T.C.A. § 12–417. The plaintiff, Mid-South Specialties, a remote subcontractor, furnished labor and materials to Southwest Roofing and Supply, Inc., a subcontractor, for use in a portion of the roof construction on the project. Because Southwest later filed bankruptcy proceedings listing the plaintiff's claim, the plaintiff now seeks to satisfy that claim in this action upon the bond of the defendant general contractor.

T.C.A. § 12–417, in pertinent part, provides:

> "*Contractor's bond to pay for labor and materials*—No contract shall be let for any public work in this state, by any city, county or state authority, until the contractor shall have first executed a good and solvent bond to the effect that he will pay for all the labor and materials used by said contractor, or any immediate or remote subcontractor under him, in said contract, in lawful money of the United States. . . ."

Another section of the Public Works Act, T.C.A. § 12–422, prescribes a special period of limitations of six months for actions

seeking to recover on bonds required by T.C.A. § 12–417, whereas, the period of limitations for actions on contracts generally is six years, as prescribed by T.C.A. § 28–309. This suit was filed more than six months, but less than six years, after the cause of action accrued. Defendant contends that the special six months limitation applies thus barring the action, while plaintiff contends that the proper limitation is the six years period and, thus, that the suit is not barred. The Chancellor held that the plaintiff was correct and overruled the plea that the action was barred.

The bond was required of the defendant by the City of Memphis and provides that defendant will:

". . . assure and protect all laborers and furnishers of material . . . as required by Tennessee Code Annotated Sections 12–417—12–424, as amended, *and also independently of said statutes.*" (Emphasis added.)

The plaintiff argues that the language, "and also independently of said statutes," operates to convert what is otherwise a "statutory bond" into a "common law bond," thus rendering any suit upon it subject to the six years limitation period provided by T.C.A. § 28–309, rather than the six months period of limitations prescribed by T.C.A. § 12–422.

The plaintiff relies upon the decision of this Court in *Hogan v. Walsh & Wells*, 180 Tenn. 670, 177 S.W.2d 835 (1944), in which it was held that language identical to that quoted above served to excuse claimants from giving the notice required by T.C.A. § 12–421, also part of the Public Works Act. In that case, the Court concluded that by adding the clause, "and also independently of said statutes," to the stipulations required by T.C.A. § 12–417, the parties intended that the claims of laborers and furnishers of materials and labor were not to be subject to the technical provisions of the Public Works Act, T.C.A. § 12–417—12–424, designed for the protection or benefit of the general contractor and surety, e. g., the filing of notice of claim; it was considered that by agreeing to the addition of such a clause, the general contractor and surety, waived such protective provisions. Accordingly, it was held that the plaintiff claimant was entitled to recover on the bond although he had not given a written notice of his claim as prescribed by T.C.A. § 12–421. We agree with the plaintiff and the Chancellor that the *Hogan* decision should control our disposition of the case at bar in the absence of other circumstances indicating a different intention of the parties.

As noted in *Hogan*, the parties are free to add such clauses to the bond required by the Public Works Act and they do so voluntarily; and, in the case at bar, it must be presumed that the parties added the clause in question while fully aware of this Court's decision in the *Hogan* case and with the intent that it have the effect given to it in that opinion. If a general contractor or surety wishes to have the benefit of the protective provisions of the Public Works Act, he need only to insist that the bond be limited to the bare statutory requirements. *City of Knoxville v. Burgess*, 180 Tenn. 412, 175 S.W.2d 548 (1943). We may safely assume that the protective provisions of the Public Works Act are waived by the contractor and surety for a price and upon demand by the governmental entity involved. We find no evidence in this case that the parties intended that the clause in question should have a meaning any different from that ascribed to it in *Hogan*.

Therefore, we hold that this action is governed by the statute of limitations of six years contained in T.C.A. § 28–309 rather than by the special period of limitations of six months provided by T.C.A. § 12–422. The action is not barred; the decree of the Chancellor should be affirmed. Costs of this appeal are taxed against the appellant and surety.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.