WAL–BOARD SUPPLY COMPANY,
INC., A Tennessee Corporation,
Plaintiff-Appellant,

v.

Doy DANIELS, Individually and d/b/a
Doy Daniels Drywall Company, Frank J.
Rooney Company, Tri-State Accoustical
Tile Company and Aetna Casualty &
Surety Company, Defendants-Appellees.

Court of Appeals of Tennessee,
Western Section.

Nov. 13, 1981.

Application for Permission to Appeal
Denied by Supreme Court
March 15, 1982.

Jack L. Halliburton, Memphis, for plaintiff-appellant.

Marshall Gerber, Memphis, for Frank J. Rooney Co. and Aetna Cas. & Sur. Co.

Robert L. Dobbs, Memphis, for Tri-State Accoustical Tile Co.

NEARN, Judge.

Plaintiff, Wal-Board Supply Company, Inc., filed suit to enforce a materialmen's lien claimed under T.C.A. § 64–1101 et seq. for $3,302.37 due on materials supplied for a construction project at the University of Tennessee Medical Center. The original defendants were Doy Daniels Drywall Company, the company to which plaintiff sold the material; Frank J. Rooney Company, the general contractor; Tri-State Accoustical Tile Company, a sub-contractor; and the University of Tennessee. A default judgment was entered against Doy Daniels, who later filed bankruptcy. Rooney Company and Tri-State filed a motion to dismiss on the grounds that public lands may not be subjected to the materialmen's liens provided in T.C.A. §§ 64–1101 et seq. Recogniz-

ing the validity of the motion (see *Heglar v. MacAdoo Contractors, Inc.,* (1972 Tenn.App. W.S.) 487 S.W.2d 312), plaintiff moved to amend its original complaint to add as a defendant the Aetna Casualty & Surety Company, surety on the payment bond executed by Rooney as required by T.C.A. §§ 12–4–201 through –208 (formerly §§ 12–417 through –424), and the claim against the University of Tennessee was, by consent, dismissed. The amendment was allowed and defendants Rooney, Aetna and Tri-State answered the amended complaint, all raising the defense of plaintiff's failure to give notice under T.C.A. § 12–4–205 (formerly § 12–421). Rooney also filed a cross complaint against Tri-State for indemnification for any liability the Court might find against Rooney in favor of the plaintiff. After a hearing, the Chancellor ruled that the plaintiff had not given proper notice under either the statutory requirements or under the terms of the bond. Therefore, judgment was entered in favor of the defendants and the cross-complaint was dismissed.

On appeal plaintiff argues that there has been compliance with the notice requirements of the bond and the Trial Court was in error in holding otherwise.

T.C.A. §§ 12–4–201 through –208 were created to provide protection for furnishers of labor and material on public works because these workmen are not protected by the mechanics' and materialmen's lien laws. The sections provide that no contract may be let for a public project until the contractor executes a bond containing provisions required by the statute and to the effect that he will pay for all labor and material used in the project. All furnishers of labor or material may bring an action on this bond if certain conditions are met. One such statutory condition is that the claimant give written notice of his claim to the contractor who executed the bond or the public official who had charge of the contract "within ninety (90) days after the completion of such public work," T.C.A. § 12–4–205.

However, it has also been held that the bondsman may, according to the terms of its bond, require less of the claimant than the statute requires of him in making a claim. Therefore, when the terms of the bond contain the minimum requirements of the Code and no more, it is termed a statutory bond. See *Heglar v. MacAdoo Contractors, Inc., supra.* On the other hand, when the bond, according to its terms, extends greater privilege to the claimant than required by statute it is referred to as a common-law bond. See *Hogan v. Walsh & Wells, Inc.,* (1944) 180 Tenn. 670, 177 S.W.2d 835. The essence of the holdings being that the bondsman is required by statute to afford certain protection under certain statutory rules; but if the bondsman elects by the terms of its bond to extend that protection under less stringent rules, it may do so and is bound by the terms of its bond.

A proper determination of this case requires that we first ascertain the nature of the bond in question, that is, whether it is a statutory or common-law bond. In the first portion of the bond it is stated that it is intended to

> ... assure and protect all laborers and furnishers of material on said work both as provided by Chapter 182 of the Acts of the General Assembly of Tennessee of 1899, and any and all amendments thereto, including, without being limited to, Chapter 121 of the Public Acts of 1923 and Chapter 121 of the Public Acts of 1925, all of which were codified and reenacted in Sections 7955 to 7959, inclusive, of the Code of Tennessee of 1932, and in Section 12–417, inclusive, of the Tennessee Code Annotated, and also independently of said Statutes; ...

We conclude that such is a clear statement by the bondsmen that it intends to afford protection to laborers and furnishers independently of the statutes as well as by the terms of the statute. This conclusion on our part from that verbiage is mandated by the cases of *Hogan v. Walsh & Wells, Inc., supra,* and *Varner Construction Co. v. Mid-South Specialties, Inc.,* (1977 Tenn.) 547 S.W.2d 569, where the same conclusion was reached in construing identical language contained in a bond. Therefore, we hold the bond in question is a common-law bond.

Although the Chancellor was correct in finding that the plaintiff's notice did not meet all the technical requirements of the statute, he erred in finding that the notice was insufficient for recovery under the bond. The second paragraph of the bond provides, "Notice of claims must be given within the statutory period provided by Section 12–421 of Tennessee Code Annotated." Cases such as *Buffaloe & Co. v. Jones,* (1927 W.S.) 6 Tenn.App. 316, and *Maryland Casualty Co. v. Clarks Creek Drainage District No. 6,* (1926 W.S.) 4 Tenn.App. 380, relied upon by appellee, which all hold that the statutory notice requirements must be strictly complied with, are cases which involved statutory bonds. Because the bond involved here is a common-law bond, the only question is whether the plaintiff has complied with its terms, not with the terms of the statutory notice requirement.

The notice provision in the bond does not require compliance with the notice statute or any other statute, but only that notice must be given to the contractor, Rooney, that the plaintiff has a claim against Rooney's obligation, within the statutory period—ninety days—from completion of the public work. Plaintiff filed its suit to enforce the (attempted) lien on March 16, 1977, within ninety days after completion of the public work. Although the complaint in that suit did not specify that it was a claim against the bond, it certainly gave notice to Rooney that plaintiff had such a claim. The bond did not require suit within ninety days; but provided for notice of claim within ninety days. The suit filed constituted actual notice of a claim to Rooney even though it was originally filed on an improper theory. The Chancellor erred in finding that plaintiff did not give proper notice under the terms of the bond.

Defendants also assert on appeal that plaintiff failed to prove that its materials were in fact used in the subject project. Plaintiff's corporate secretary tes-

tified and introduced the company records showing that the materials were delivered to Doy Daniels at the site of the subject project. Defendant's objection on appeal is that plaintiff admittedly could not prove that these materials actually went into the job. Defendant introduced no evidence to refute the deliveries to the job site or the use of the materials in the job. We hold that plaintiff's proof of delivery to the job site is sufficient to entitle him to recovery under the bond.

As plaintiff has shown his compliance with the bond he is entitled to judgment against Frank J. Rooney Company and the Aetna Casualty & Surety Company for $3,302.37.

■ The situation of defendant Tri-State Accoustical Tile Company is not the same as that of Rooney and Aetna because Tri-State does not appear as a party to the payment bond upon which plaintiff Wal-Board is here allowed to recover. In fact, we cannot discern from the record any basis on which plaintiff is entitled to relief from Tri-State. Tri-State answered the original and amended complaint and cross-complaint against it denying liability. Tri-State's brief on appeal mainly protests that Tri-State received no notice of plaintiff's claim. The issue of notice is irrelevant insofar as Tri-State is concerned. The only notice required of plaintiff is that required by the bond to be given to Rooney. That notice, we have held, was given. Because plaintiff Wal-Board has shown no basis for recovery against Tri-State we affirm the Chancellor's dismissal of that claim. The dismissal of Rooney's cross-complaint against Tri-State is left undisturbed because no appeal was taken from that ruling.

The result is that the judgment below is reversed in part and judgment will be entered in this Court in favor of Wal-Board Supply Company, Inc., against Frank J. Rooney Company and the Aetna Casualty & Surety Company in the sum of $3,302.37. Costs below and in this Court are adjudged against Aetna and Rooney. The cause will be remanded for the purpose of enforcing the judgment by execution, if necessary.

Done at Jackson in the two hundred and sixth year of our Independence and in the one hundred and eighty-sixth year of our Statehood.

McLEMORE, Special Judge, concurs.

MATHERNE, J., not participating.