TEMPLETON v. NIPPER.

(*Knoxville.*    October  5,  1901.)

PUBLIC WORKS.    *Commissioners for letting not liable for failure to take bond for protection of laborers and materialmen, when.*

The benefit of the bond required by Acts 1899, Ch. 182, for the protection of laborers and furnishers of material on public works let by State, county, or city, does not extend to one who furnishes labor or material in the construction of such works to a subcontractor, and, therefore, the commissioners who let such contracts are not liable to such person for their negligence in failing to take such bond.

Act construed: Acts 1899, Ch. 182.

Case cited: Rhea County v. Sneed, 105 Tenn., 581.

FROM   RHEA.

Appeal  in  error  from  Circuit  Court  of  Rhea County.    M. D. SMALLMAN,  J.

A. P. HAGGARD and V. C. ALLEN for Templeton.

B. G. McKENZIE for Nipper.

BEARD,  J.    The  plaintiffs  in  error,  under  appointment  of  the  County  Court  of  Rhea  County, were  commissioners  authorized  to  let  the  contract  for and  superintend  the  construction  of  a  bridge  in  that

county. In pursuance of the power so conferred they contracted for the entire work with the Groton Bridge Company, which company sublet the construction of the superstructure to one Thompson, who afterwards sublet it to another party. The defendant in error, an employee of this second subcontractor, did work upon it, for which he has not been paid. The bridge has been finished and the agreed consideration for the same has been paid by the county to the original contractor.

The present suit was instituted by the defendant in error against the plaintiffs in error, and a personal judgment was sought and rendered against them, upon the ground that they had failed to exact from the Groton Bridge Company a bond as required by Section 1, of Chapter 182, of the Acts of 1899. If the defendant in error is within the provision of that Act then, upon the authority of *Rhea County* v. *Sneed*, 105 Tenn., 581, the negligence of the commissioners in requiring bond makes them civilly answerable to the defendant in error, and the judgment of the Circuit Court was right; if not, it was wrong and must be reversed. The question then is, Is an employee of a subcontractor within the protection provided by the Act?

It is entitled, "An Act to protect laborers and furnishers of material on public works." By the first section it is provided that "hereafter no contract shall be let for any public work in this State by any city, county, or State authority until the

contractor shall first execute a good and solvent bond to the effect that he will pay for all the materials and labor used in said contract in lawful money of the United States, provided that this Act shall not apply to contracts under $100.''

By Section 2 it is enacted ''that any laborer or furnisher of material may bring an action on such bond and make recovery, in his own name, upon giving security or taking the oath prescribed for poor persons, as provided by law.'' If there was nothing more in this statute, it might very well be assumed that this bond was intended for the protection of all laborers and material men, however remote in degree they might be from the original contractor. But we think it clear that Section 4 limits the right of the recovery on the bond to a class composed of such persons as are privies in contract with the makers of the bond, and by necessary construction excludes all others. This section provides as follows: ''That the laborer or furnisher of materials, to secure advantage of the Act, shall file with the public officer who has charge of the letting of any contract an itemized statement of the amount *owed* by the contractor for materials and labor used.''

While it may be that it was the purpose of Section 1 of the Act to require a bond from the original contractor, which would stand as security for all claims for labor done and materials used on a public work without regard to the party at whose

instance they were furnished, yet we think it clear that, by Section 4, the Legislature has limited liability on such bond to those laborers and material men who sustain contract relations with its maker. Only those persons to whom he is debtor—that is, in the phraseology of the section—those he "owed" are entitled to a right of action on the bond. This excludes from its benefits parties like the defendant in error, who contract with a subcontractor, for in no sense can the maker of this bond be held the debtor of such parties.

It follows that the judgment of the lower Court is reversed and the case is dismissed.