EQUITABLE CASUALTY & SURETY CO. *et al. v.* WILL JACKSON.

*(Nashville,* December Term, 1930.)

Opinion filed April 4, 1931.

Petition to rehear dismissed July 18, 1931.

Manier & Crouch and John L. Neely, Assistant Attorney-General, for plaintiff in error.

Stokes & Stokes, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

The stipulated facts show that Jackson was a laborer in the employ of a contractor building a State highway. The work was completed March 24, 1930. The Highway Commission advertised for claims April 9th, 16th, 23rd and 30th, notifying all claimants to file their claims with the Department on or before May 13th. Settlement with the bondsman of the contractors was made June 3rd. Jackson filed his claim June 9th. The Surety Company is liable on its bond given for claims, *if duly filed.*

The trial Court held the Surety Company and R. H. Baker (Commissioner in charge of Highways) liable to

Jackson for his claim, the amount of which is agreed on. They have appealed and insist that this claim was filed too late. To this we are constrained to agree.

The matter is controlled by Chap. 74, Acts of 1917, which relates to Highway construction contracts and in-so far as it conflicts with the Act of 1899, Chap. 182, prevails. *So. Cons. Co.* v. *Halliburton,* 149 Tenn., at page 328. Under this act of 1917 the Highway Department is forbidden to make final settlement with the contractor (or in this case the bondsman, the contractors having defaulted and being insolvent), "until it advertises its intention *for thirty days,* and gives an opportunity to claimants for labor and material to file notice of their claims, and until it gives *further time* to such claimants to establish their claims in a court of competent jurisdiction." *So. Cons. Co.* v. *Halliburton, supra.* Two time periods are provided for by the Act as above stated, (1) *thirty days* after advertisement within which to file claims, and (2) *further time,* or, in the language of the Act of 1917, "a reasonable time" within which to bring suit.

By an amendment, Chap. 80, Acts of 1929, the obvious indefiniteness of the Act of 1917, in providing only for "a reasonable time" to allow claimants to sue, was cured, it being provided that the Secretary of the Department should withhold a sum sufficient "to pay all claims, of which notice is filed with him, for a period of sixty days from the date of the last advertising, to allow claimants to sue," etc. Thus the period for bringing suit is made definite.

This claimant, Jackson, therefore was entitled (1) to thirty days notice by advertisement within which to file his claim, and (2) to sixty days from the date of the last

advertisement to bring his suit. His claim was not filed until *forty* days after the last advertisement and after final settlement had been made. This was too late. The sixty day limitation applies alone to the bringing of suit, and not to the giving of the required notice. This distinction between a time for the giving of notice, and a time for the bringing of suit, runs through lien statutes and many others. If it should be conceded, which we are not called on here to decide, that the claimant is not required to give the notice within thirty days from the *first* publication by the Department, we think it clear that he must give his notice within thirty days from the date of the *last* advertisement. This he failed to do.

The theory of appellee is that the amendment of 1929 relates to and extends the period within which the claimant shall give notice of his claim. The pertinent amendatory paragraph reads as follows:

"The Secretary of the Department (now the Commissioner of Highways and Public Works) shall withhold a sufficient sum from the contract price due to pay all claims, of which notice is filed with him, for a period of sixty days from the date of the last advertising, to allow claimants to sue and prove their claims against the contractor or his agent, in some court of competent jurisdiction. In the event suit is brought against the contractor within the said sixty days from the date of the last advertising, *by any claimant,* the Department or its officers shall pay the amount of said claim into court. But in all cases where suits are not brought within the said period of sixty days the Secretary shall pay said sum or sums so withheld to the contractor."

We have italicized the words "by any claimant," stressed by counsel. The reference is to "any claimant"

within the class being dealt with in the paragraph, which requires the Department to "withhold a sufficient sum from the contract price due to pay all claims of which notice is filed with him," etc. The *ejusdem generis* rule applies. Quite obviously it is not contemplated that liability for claims thereafter sued on shall exceed the aggregate of claims on file, which aggregate sum only the Department is required to withhold.

Nor are we of opinion that the Highway Commissioner can be held liable for this claim because of a failure to procure an affidavit from the contractor that all claims had been satisfied before proceeding with the required advertising, etc. This preliminary step was rendered impracticable and useless by the obvious condition existing. The claims had not been paid, and this appearing, the steps provided for the protection of claimants were proceeded with.

The judgment must be reversed and the suit dismissed.