T. J. MOSS TIE COMPANY, COMPLAINANT, APPELLEE, *v.* L. G. NEWSOM *et al.*, DEFENDANTS, APPELLANTS.

(*Jackson*, April Term, 1932.)

Opinion filed June 18, 1932.

HU C. ANDERSON, for complainant, appellee.

PEARSON & HEWGLEY, for defendants, appellants.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The defendant, L. G. Newsom, entered into a contract with the Highway Department of the State to furnish material and labor and construct certain bridges in Weakley County. He executed bond, conditioned to pay for all labor and material used in the construction of said bridges as required by chapter 121, Acts of 1925. The defendant, United States Fidelity & Guaranty Company, became surety on said bond.

The bill alleges that there is due complainant for material used in said bridges the sum of $7,874.59; that before the time for filing and proving claims had expired it was ascertained that the balance due by the State would be insufficient to pay claims; that in this situation the Surety Company had the contractor to assign to it the balance due by the State; that defendants requested complainant and other creditors not to prosecute their claims in the mode provided by statute, agreeing that the defendant, Surety Company, would pay said claims; that complainant assented to this arrangement; that defendants settled with the Highway Department, and the balance due, about $4,000 was paid to the Surety Company, and that it has paid all claims except the one due complainant; that but for this agreement with defendants it would have proceeded in the customary manner; that the Highway Department has fully settled with defendants; that it has no funds belonging to them; and that complainant is without remedy unless it can obtain a decree against defendants in this cause.

The Surety Company demurred upon two grounds: (1) because the Highway Commissioner is a necessary

party, and (2) because the Chancery Court of Madison County has no jurisdiction of the subject-matter.

The chancellor overruled the demurrer and allowed a discretionary appeal.

The Highway Commissioner is neither a necessary nor a proper party to this proceeding. He has no interest in the suit and in no aspect could a decree be entered either for or against him. He has passed entirely out of the picture.

With respect to the jurisdictional question, an action of this character is transitory unless localized by statute. Counsel for the Surety Company rely upon subsection c of section 1 of chapter 80, Acts of 1929, which is as follows:

"All suits against contractors brought by any claimant shall make the Commissioner of Highways and Public Works a defendant thereto and, except where the same be for sums within the jurisdiction of a Justice of the Peace, shall be brought in the County where the main office of the Department of Highways and Public Works is situated."

If complainant was pursuing the remedy afforded it by said Act, it would have to comply with its provisions by making the Highway Commissioner a party, and instituting the suit in Davidson County. But it is asking no relief under this Act, admits that the remedy afforded it therein has been lost, and that it waived its right to proceed thereunder at the request of defendants and upon the promise of the Surety Company that it would pay its claim. The provision quoted above was enacted for the protection and convenience of the Highway Department. In a proceeding under the Act the Commissioner is a necessary party because he is the stakeholder

for the parties, and it is much more convenient to have such actions localized in the county where the main office of the Department is situated than to have them scattered throughout the State. Where, however, the proceeding is not brought under the Highway Act and the Department has no interest in the suit, the reason for localizing the action ceases and the rule itself ceases, and the general rule which provides that actions on bonds of this character are transitory applies.

Affirmed.