PAN AMERICAN PETROLEUM CORPORATION, COMPLAINANT, APPELLANT, *v.* C. D. AND GEORGE McQUARY *et al.*, DEFENDANTS, APPELLEES.

*(Nashville,* December Term, 1931.)

Opinion filed July 2, 1932.

HUME & ARMISTEAD, for complainant, appellant.

ANDERSON, AUST, McGUGIN & EVANS, for So. Surety Co. of N. Y.

JOHN L. NEELY, Assistant Attorney-General, for Baker, Com'r.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

In this case the general contractors of a State highway project defaulted and their surety took over the job. The Commissioner of Highways turned over to the surety the retained percentage accrued, upon the execution by the surety of an indemnity bond. This bond covered claims against the principal contractor to the same extent practically as the original bond executed by that contractor. The real question presented, therefore, is whether the bond required by law of the principal contractor of a State highway project protects a remote subcontractor.

The chancellor held that in the case before us the remote subcontractor was not protected by the bond and we think that he was right. Decision of this question in-

volves a construction of chapter 182 of the Acts of 1899, chapter 74 of the Acts of 1917, chapter 121 of the Acts of 1925, and chapter 80 of the Acts of 1929.

The Act of 1899 provided, among other things, that no contract should be let for any public work by any city, county or state authority until the contractor should first have executed bond to the effect that he would pay for all materials and labor used in said contract. To secure the advantage of this Act, it was required that the laborer or furnisher should file with the public officer who had charge of the letting of the contract an itemized statement of the amount owed by the contractor for materials and labor within thirty days after the contract was completed.

The Act of 1917, relating to highways and highway construction, provided that the performance of a highway contract should not be finally accepted until the general contractor had satisfied the Highway Department that all materials "used by him, his subcontractors, or his agents" had been paid for and until "all laborers and other employees working for him, his subcontractors, or his agents" had been paid. Bond was required of such highway contractor for the faithful performance of every part and stipulation of the contract, especially for "the payment for all materials purchased and for all labor employed in the contemplated work."

Under the Act of 1899, there was no liability on the bond for labor employed and materials used by subcontractors. *Templeton* v. *Nipper,* 107 Tenn., 548.

Under the Act of 1917, there was liability on the bond required for labor used and materials employed by subcontractors, but not for labor used and materials employed by remote subcontractors—subcontractors of sub-

contractors. *Southern Construction Co.* v. *Halliburton,* 149 Tenn., 319.

Under the Act of 1899 claimants under the bond of the general contractor were required to take the initiative and within thirty days file notice of their claims with those who had charge of the letting of the contract.

Under the Act of 1917, the Highway Department was required to take the initiative and advertise for such claims, and notice of these claims was not due to be filed until after advertisement was made.

Accordingly in *Southern Construction Co.* v. *Halliburton, supra,* we held that in the two particulars noted the Act of 1917, effected a repeal of the Act of 1899, respecting highway contracts, although it was suggested that for some purposes the Act of 1899 might still cover highway contracts.

Chapter 121 of the Acts of 1925 is substantially a reenactment of chapter 182 of the Acts of 1899, except that the bond required under the Act of 1925 is required to embrace "all the materials and labor used by said contractor, or any immediate or remote subcontractor under him, in said contract." The Act of 1925 still requires the claimant to take the initiative and file his claim within thirty days after the completion of the work in order to obtain the benefit of the bond.

Chapter 80 of the Acts of 1929, is an Act amending chapter 74 of the Acts of 1917, heretofore referred to. The Acts of 1929, like the Act of 1917, relates to highway contracts alone and the later Act preserves the requirement of the former Act that the Commissioner of Highways shall advertise for claims against the principal contractor when a project is completed. See *Equitable Casualty & Surety Co.* v. *Jackson,* 163 Tenn., 54.

The claimant here, the remote subcontractor, contends that the Act of 1925, which required a bond for the protection of remote subcontractors, was effective to bring such subcontractors within the protection of the bond required by the Act of 1917, that the latter Act worked an amendment by implication of the former Act in this particular.

The difficulty, however, is this, if the Act of 1925 touched the Act of 1917 in one instance in which their provisions were conflicting, the latter Act must have touched the former Act in other instances in which their provisions were conflicting. Thus, under such interpretation, the provision of the Act of 1917 requiring the Highway Commissioner to advertise for claims would be abrogated, and laborers and materialmen, at their peril, would be required to file their claims within thirty days after the contract was completed, without any advertisement.

The Act of 1929 distinctly negatives the idea that any such result could be reached. It fully recognizes the duty of the Highway Commissioner to make the advertisement to which we have referred.

■ We think a proper construction of the statutes is that the Act of 1899, and the Act of 1925 relate to contracts for public work generally. That the Act of 1917, and the Act of 1929 relate to highway contracts only. Insofar as the provisions of the Acts of 1899 and 1925 on the one hand and the provisions of the Acts of 1917 and 1929 on the other are out of harmony, the provisions of the two Acts last mentioned control the rights of all parties to highway contracts.

The decree of the chancellor is accordingly affirmed.