L. R. CAMPBELL *et al.*, COMPLAINANTS, APPELLANTS, *v.* C. E. CRESAP *et al.*, DEFENDANTS, APPELLEES.

(*Nashville*, December Term, 1932.)

Opinion filed April 8, 1933.

Lloyd S. Adams, Seay, Stockell & Edwards and John M. Barksdale, for complainants, appellants.

Aust, Cornelius & Wade, J. E. Travis, Roy H. Beeler, Attorney-General, and John L. Neely, Assistant Attorney-General, for defendants, appellees.

Mr. Chief Justice Green delivered the opinion of the Court.

This is an appeal from a decree of the chancellor dismissing a petition for mandamus directed against the Highway Commissioner.

The petitioners were subcontractors on a highway project and claimed a balance of $9300 due them from the general contractors for materials furnished. They filed due notice of their claim with the Highway Commissioner and brought suit thereupon within sixty days under Code, section 3222. Their bill was subsequently amended, answers were filed by the Commissioner, the general contractors, and the surety on the bond of the latter, raising issues not material to the present inquiry except that the Commissioner pleaded a final settlement with the general contractors under subsection (b) of section 3222 of the Code, hereafter set out.

From the original bill herein it appeared that the general contractors had made default and their surety took over the contract and completed it. The surety undertook to settle with all those who had furnished labor and materials for the project but was unable to reach an agreement with the petitioners. The controversy between the surety and the petitioners pended for some time and

before settlement was made the surety—the Southern Surety Company—went into the hands of a receiver.

Upon completion of the contract, there was in the hands of the Commissioner retainage amounting to several thousand dollars. This sum was paid to the surety upon the execution by the latter of a bond conditioned that the surety would "hold harmless the State of Tennessee, Department of Highways and Public Works, against all loss, costs, and expenses which the said State of Tennessee, Department of Highways and Public Works, may sustain or incur by reason of making final settlement with Southern Surety Company of New York at this time and shall pay all just claims for labor and materials furnished for use in the construction of this project and filed with the Department of Highways in time, form, and manner required by statute."

The petition for mandamus takes the position that the payment herein of the retainage to the surety was unauthorized; that it was the absolute duty of the Commissioner under the statute to pay the retainage into court upon petitioners' suit being filed and the prayer is that the Commissioner be required to pay an amount into court equal to the amount of petitioners' claim, regardless of the settlement with the surety.

The applicable sections of the Code are as follows:

"3221. Before final acceptance, the contractor must furnish evidence to satisfy the department that all the material used by him, his subcontractors, or his agents, has been fully paid for and all laborers and other employees working for him, his subcontractors, or his agents, have been fully paid. When this is done, full settlement may be made with the contractor; but not until thirty days' notice, in some newspaper published in

the county where the work is done, if there be a newspaper published there, and if not, in a newspaper in an adjoining county, that settlement is about to be made and notifying all claimants to file notice of their claims with the department, and said period for filing shall not be less than thirty days after the last published notice.

"3222. (a) The commissioner of the department shall withhold a sufficient sum from the contract price due to pay all claims, of which notice is filed with him, for a period of sixty days from the date of the last advertising, to allow claimants to sue and prove their claims against the contractor or his agent, in some court of competent jurisdiction. In the event suit is brought against the contractor within the said sixty days from the date of the last advertising, by any claimant, the department or its officers shall pay the amount of said claim into court. But in all cases where suits are not brought within the said period of sixty days the commissioner shall pay said sum or sums so withheld to the contractor.

"(b) On the date set for full and final settlement with the contractor, the contractor may make proper refunding bond to the State of Tennessee for the amount of any sum or sums so held for the said period of sixty days, such bond to be approved by the commissioner, whereupon he shall pay such contractor in full."

The Acts of the legislature upon which these sections of the Code are based were construed in *Southern Construction Co.* v. *Halliburton*, 149 Tenn., 319, and *Equitable Casualty & Surety Co.* v. *Jackson*, 163 Tenn., 54. From the latter case we quote:

"Under this act of 1917 the Highway Department is forbidden to make final settlement with the contractor (or in this case the bondsman, the contractors having

defaulted and being insolvent), 'until it advertises its intention for thirty days, and gives an opportunity to claimants for labor and material to file notice of their claims, and until it gives further time to such claimants to establish their claims in a court of competent jurisdiction.' *So. Cons. Co.* v. *Halliburton, supra.* Two time periods are provided for by the Act as above stated, (1) thirty days after advertisement within which to file claims, and (2) further time, or, in the language of the Act of 1917, 'a reasonable time' within which to bring suit.

"By an amendment, Chap. 80, Acts of 1929, the obvious indefiniteness of the Act of 1917, in providing only for 'a reasonable time' to allow claimants to sue, was cured, it being provided that the Secretary of the Department should withhold a sum sufficient 'to pay all claims, of which notice is filed with him, for a period of sixty days from the date of the last advertising, to allow sixty days from the date of the last advertising, to allow claimants to sue,' etc. Thus the period for bringing suit is made definite."

■ It is insisted by the petitioners that where notice of a claim is seasonably filed and suit brought thereupon within sixty days, the Commissioner can discharge his duty in no other way than by paying, out of the retainage, the amount of such claim into the court as outlined in Code, section 3222.

We think this contention is erroneous. In our opinion subsection (b) affords the general contractor a distinct alternative. To avoid the tie-up of his retainage pending litigation with the claimant, upon the execution of a bond satisfactory to the Commissioner, covering the

claims in litigation, it is provided that the Commissioner "shall pay such contractor in full."

Subsection (b) applies with particular force to a case like this, in which a claim is filed within thirty days after advertisement and suit thereupon brought on such claim within sixty days after advertisement. Under section 3222 "where suits are not brought within the said period of sixty days the commissioner shall pay said sum or sums so withheld to the contractor." No refunding bond is required where suits are not brought. The responsibility assumed by the State for the payment of laborers and materialmen ends, if suits are not brought within the period of sixty days.

Such has been the past construction given to subsection (b) by the Commissioner and this construction was assumed to be correct by the court in *Pan American Petroleum Corp.* v. *McQuary*, 164 Tenn., 646.

Ordinarily a refunding bond executed by a surety qualified to do business in Tennessee affords abundant protection to unpaid claimants for labor and material furnished. Corporate sureties are subjected to rigid requirements as a condition of permission to transact business in this State. It is quite exceptional for one of such institutions to turn out insolvent.

It is argued that the refunding bond taken by the Commissioner only protects the State of Tennessee and does not protect unpaid laborers and materialmen. This is a mistake. The bond is conditioned to pay all such claims duly filed and prosecuted under statute. Such claimants have a clear right of action on this bond. *Sherman* v. *Cate*, 159 Tenn., 69; *Standard Oil Co.* v. *Jamison Bros.*, decided today.

It is further said that the refunding bond was exe-

cuted by Southern Surety Company alone; that Southern Surety Company took over the contract and completed the contract and received the retainage itself; and that Southern Surety Company should have executed the refunding bond with a surety to secure its obligation.

The statute, however, does not require that a bond with surety be executed. The requirement is that the bond be a "proper refunding bond" and that it "be approved by the Commissioner." No doubt, if the contractors themselves had executed this bond the Commissioner would have required a surety. While it would have been proper for the Commissioner to have required the Southern Surety Company to give a surety on its refunding bond, such course on the part of the Commissioner was not imperative under the statute.

Usually statutes requiring bonds provide expressly that bonds with sureties shall be given. Instances: Appeal bonds, Code sections 9042-43; attachment bonds, Code section 9418; *certiorari* bonds, Code section 8997; peace bonds, Code, section 11425; official bonds, Code, section 1823.

■ Moreover, while the Southern Surety Company completed this contract, it did so as surety of the general contractors. While it became liable for certain obligations of the general contractors, it scarcely became a general contractor itself. So, Southern Surety Company being licensed to do business in the State, and in good standing at the time, we do not think the Commissioner committed a breach of his official duty in failing to require of the Southern Surety Company an additional surety on this obligation.

Other questions are raised but the foregoing is conclusive of petitioners' right to the writ of mandamus

herein. The decree of the chancellor denying this writ will be affirmed and the cause will be remanded to the chancery court for further proceedings in the principal litigation. The petitioners will pay the costs of this court.