HURST *v.* DAWSON BROS. & BEAVER *et al.*

(*Jackson,* April Term, 1934.)

Opinion filed June 23, 1934.

W. G. Cavett, of Memphis, for plaintiffs in error.

Longstreet Heiskell, of Memphis, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit, begun before a magistrate, was brought by an employee of a subcontractor against the subcontractor, the general contractor, and the surety on the contract bond, and the surety on the refunding bond of the latter, for work done on a state highway project. Service was not obtained on the general contractor, and there was a nonsuit taken as to it. There was a judgment against the subcontractor and against both sureties by the magistrate. The sureties appealed to the circuit court, and that court dismissed the suit as to them. The employee appealed to the Court of Appeals, and the latter court dismissed the suit as to the contract surety, but rendered judgment against the surety on the refunding bond. Petitions for *certiorari* were filed both by the employer and by the surety on the refunding bond.

Prior to October 20, 1928, the subcontractor became indebted to the plaintiff for work on this highway project in the sum of $211.37. The subcontractor abandoned its

work in January, 1929, and the general contractor finished that work.

On January 18, 1929, the plaintiff filed his claim with the highway department, itemized and sworn to, but not accompanied by bond or pauper's oath. It is insisted that this claim has not been properly filed and authenticated; but we pass over these contentions.

The project was finally completed and accepted by the highway department on May 10, 1929, and advertisements for the filing of the claims duly made; the last advertisement being on June 12, 1929. On June 25, 1929, the highway department wrote plaintiff that his claim was disputed and that it would be necessary for him to bring suit thereupon within 60 days, and that, unless the department was notified that he had brought suit within that time, settlement would be made with the contractor.

On July 12, 1929, the general contractor executed a refunding bond to the department of highways conditioned to save that department harmless against all loss, etc., that it might sustain on account of making final settlement with the contractor, and this bond showed on its face that plaintiff's claim, among others, remained unpaid, and that liability for same was denied by the principal contractor. On July 22, 1929, the highway department paid to the principal contractor the balance due under the contract.

This suit was not brought until April 28, 1932. Process was served on an agent of the Fidelity & Deposit Company of Maryland, surety on the contract bond, June 21, 1932. Process was served on an agent of the Sun Indemnity Company of New York, surety on the refunding bond, July 20, 1932. Suit therefore was not begun

until nearly three years after the last advertisement for filing of claims. Process was not served on the above sureties for more than three years from said date.

We are of opinion that this suit was filed too late to be maintained; that it is barred by the statutory limitations both of chapter 74 of the Public Acts of 1917 and chapter 80 of the Public Acts of 1929.

In *Equitable Casualty & Surety Co.* v. *Jackson,* 163 Tenn., 54, 44 S. W. (2d), 899, the court said:

"Under this act of 1917 the highway department is forbidden to make 'final settlement with the contractor (or in this case the bondsman, the contractors having defaulted and being insolvent) 'until it advertises its intention for 30 days, and gives an opportunity to claimants for labor and material to file notice of their claims, and until it gives further time to such claimants to establish their claims in a court of competent jurisdiction.' *So. Cons. Co.* v. *Halliburton, supra* [149 Tenn., 319, 258 S. W., 409]. Two time periods are provided for by the act as above stated: (1) Thirty days after advertisement within which to file claims, and (2) further time, or, in the language of the act of 1917, 'a reasonable time' within which to bring suit. By an amendment, chapter 80, Pub. Acts of 1929, the obvious indefiniteness of the act of 1917, in providing only for 'a reasonable time' to allow claimants to sue, was cured, it being provided that the secretary of the department should withhold a sum sufficient 'to pay all claims, of which notice is filed with him, for a period of sixty days from the date of the last advertising, to allow claimants to sue,' etc. Thus the period for bringing suit is made definite."

█ Chapter 80 of the Public Acts of 1929 is carried

into the Code of 1932, and the provisions of that statute referred to in *Equitable Casualty & Surety Co.* v. *Jackson, supra,* are contained in Code, secs. 3222 (a) and (b) as follows:

"The commissioner of the department shall withhold a sufficient sum from the contract price due to pay all claims, of which notice is filed with him, for a period of sixty days from the date of the last advertising, to allow claimants to sue and prove their claims against the contractor or his agent, in some court of competent jurisdiction. In the event suit is brought against the contractor within the said sixty days from the date of the last advertising, by any claimant, the department or its officers shall pay the amount of said claim into court. But in all cases where suits are not brought within the said period of sixty days the commissioner shall pay said sum or sums so withheld to the contractor.

"On the date set for full and final settlement with the contractor, the contractor may make proper refunding bond to the State of Tennessee for the amount of any sum or sums so held for the said period of sixty days, such bond to be approved by the commissioner, whereupon he shall pay such contractor in full."

Interpreting these sections of the Code in *Campbell* v. *Cresap,* 166 Tenn., 75, 59 S. W. (2d), 523, 524, we said:

"In our opinion subsection (b) affords the general contractor a distinct alternative. To avoid the tie-up of his retainage pending litigation with the claimant, upon the execution of a bond satisfactory to the commissioner, covering the claims in litigation, it is provided that the commissioner 'shall pay such contractor in full.' "

The refunding or indemnity bond authorized by sec-

tion 3222 (b) is substituted for the retainage. This bond stands in lieu of the retainage. Under section 3222 (a) it would be the duty of the commissioner to pay the retainage into court upon suit being brought within 60 days from the time of the last advertising. If suit were not brought within 60 days from said date, it would be the duty of the commissioner to pay the retainage over to the contractor. In other words, the claimant's suit must be brought within the 60-day period to allow him to participate in the retainage. As the refunding bond is a mere substitute for the retainage, to reach that bond the claimant must bring his suit within the same 60-day period.

We are accordingly of opinion that the Court of Appeals erred in rendering judgment against the Sun Indemnity Company, surety on the refunding bond.

As heretofore stated, the Court of Appeals affirmed the judgment of the circuit court dismissing the suit against the surety on the general contractor's contract bond. Without discussion of other reasons said to justify such result, we think the claim of plaintiff against the surety on the contract bond is likewise barred by limitations prescribed in the act of 1917, under which that bond was taken. This we say, assuming that the contract bond was not superseded by the indemnity bond.

As pointed out in the quotation heretofore made from *Equitable Casualty & Surety Co.* v. *Jackson,* the act of 1917 accorded the claimant a "reasonable time" for bringing suit succeeding the 30 days after advertisement in which claims were to be filed.

We have not previously been called upon to declare in any case what was a reasonable time in which such a suit

might be brought. We are satisfied, however, that three years cannot be considered as anything approximating a reasonable time. If we have reference to mechanic's lien statutes, the statutes providing bonds to secure the payment of laborers on public works, and like statutes, by comparison, three years is a very unreasonable time in which to permit suits of this character. The effect of all such suits is to subject the property of one person to payment of the debts of another person; to make the surety or the property owner answer the default of the contractor. Equitable considerations require that diligence should be manifested if it is expected that suits of this sort shall be entertained.

For the reasons stated, the judgment of the Court of Appeals is modified, and the judgment of the circuit court is affirmed.