ATLANTIC REFINING Co. *v.* STANDARD ACC. INS. Co.

(*Knoxville,* September Term, 1938.)

Opinion filed November 7, 1938.

JOHNSON & JOHNSON, of Knoxville, for plaintiff in error.

AYRES, BROUGHTON & PARKEY, of Knoxville, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The Atlantic Refining Company furnished materials to Southeastern Paving & Construction Company for use in performing a contract with the State Highway Department for certain road construction, and defendant Insurance Company became surety for the contractor, guaranteeing the pertinent obligation to pay for all materials furnished as provided for by Code, sec. 3218:

"*Contractors must give bonds.*—All contractors with whom contracts are made by the department shall enter into good and solvent surety bond in an amount fixed by the department, conditioned that acceptance or service of process upon the commissioner shall be service on them as their agent duly authorized to that end, and for the full and faithful performance of every part and stipulation of the contract, especially the payment for all materials purchased and for all labor employed in the contemplated work. This bond must be approved by the department and filed with its records."

Payment not being made by the contractor, the Refining Company filed its claim with the Highway Commissioner within thirty days after advertisement, pursuant to Code, sec. 3222. The pertinent paragraphs of this Code section, construction of which is called for, are as follows:

"3222. *Sums withheld.*—(a) The commissioner of the department shall withhold a sufficient sum from the contract price due to pay all claims, of which notice is

filed with him, for a period of sixty days from the date of the last advertising, to allow claimants to sue and prove their claims against the contractor or his agent, in some court of competent jurisdiction. In the event suit is brought against the contractor within the said sixty days from the date of the last advertising, by any claimant, the department or its officers shall pay the amount of said claim into court. But in all cases where suits are not brought within the said period of sixty days the commissioner shall pay said sum or sums so withheld to the contractor. (1929, Ch. 80, Sec. 1, Modified.)

"(b) *Final settlement.*—On the date set for full and final settlement with the contractor, the contractor may make proper refunding bond to the State of Tennessee for the amount of any sum or sums so held for the said period of sixty days, such bond to be approved by the commissioner, whereupon he shall pay such contractor in full. (Ib.)

"(c) *Suits and form of petition.*—All suits against contractors brought by any claimant shall make the commissioner of highways and public works a defendant thereto by issuance of process from the county of suit to the county of said defendant and they shall be brought in the county where the main office of the department of highways and public works is situated, or in any county in which any part of the work was prosecuted. . . ."

The percentage retention referred to in this Section was wholly insufficient to cover claims and the Refining Company received nothing from this source. Within the succeeding sixty days insolvency proceedings were instituted against the contractor and a receiver for the Contractor Company was appointed and an injunction is-

sued against suits by creditors. Subsequently the contractor Company was wound up in bankruptcy. The Refining Company filed its claim, and, after receiving a small payment from this source and crediting this sum on its claim, sometime later brought this suit in the Circuit Court of Knox County to recover the unpaid balance of $2253.56.

The Insurance Company, admitting the correctness of the account, defended on the sole ground that the suit was not brought within sixty days from the filing of the claim with the Highway Commissioner.

The Refining Company contended that this defense was unavailable, because (1) this sixty day limitation referred to and provided for in Code, sec. 3222, *supra*, has no application to a suit such as this, not brought to recover any funds retained by the State Highway Commissioner, but as an independent action against the surety, rested on its contractual obligation to pay for all materials furnished, upon default of the contractor; that to such a proceeding the State official was neither a necessary nor proper party; and (2) that even if the sixty day limitation could be given effect in such a suit, the injunction against creditors which issued before expiration of the sixty days, followed by bankruptcy, would have applied to toll the running of the limitation; and (3) that the defense was not specially pleaded, the sole plea interposed being *nil debit*.

The Trial Judge sustained the defense of the sixty-day limitation and dismissed the suit. The Court of Appeals reversed and gave judgment for the debt, holding (1) that this sixty-day provision did not apply, that the Refining Company had six years in which to sue; and (2) that, furthermore, the defense was not available under

the plea of *nil debit*, which alone was interposed. Petition for *certiorari* has been presented to this Court complaining of this action of the Court of Appeals. This petition must be denied.

We think it obvious that it was the purpose of the Legislature in providing, in Code, sec. 3222, for suits to be brought by claimants within sixty days, to expedite the disposition by the State Highway Commissioner of this class of business and his discharge from all obligations growing out thereof. The result of a failure of the claimant (1) to file his claim within thirty days, and (2) to bring suit within sixty days to fix the validity and amount of his claim, is to cut him off from participation in any funds retained by, or in the hands of, the State.

Neither expressly, nor by any necessary implication based on reason, is this sixty-day provision extended to the general and independent contractual obligation which the contractor and surety assume pursuant to the requirement of Code, sec. 3218.

This restricted scope of Section 3222 is, in principle, recognized in *T. J. Moss Tie Company* v. *Newsome, et al.*, 164 Tenn., 515, 51 S. W. (2d), 477, in which case the Moss Company sued the contractor and surety for materials furnished on a State Highway contract. The surety Company demurred on the ground (1) that the Highway Commissioner was not made a party to the suit, and (2) that the suit was not brought in Davidson County, as provided by section 3222 of the Code. This Court held that the complainant material furnisher was not pursuing the remedy afforded by this section, that the remedy under the Act had been waived and lost. There was no effort in that case, as there is none in this, to reach an impounded retention fund in the hands of

the Commissioner. In that case, as here, the suit was on the contract and bond of the surety. This Court said the provisions of the Act requiring that the Commissioner be made a party and fixing the jurisdiction in the County where the main office of the Department of Highways is situated were ''enacted for the protection and convenience of the highway department;'' that ''In a proceeding under the act [now Code, sec. 3222] the commissioner is a necessary party because he is the stakeholder for the parties,'' etc. Here, as in that case, the Highway Department has no interest in the suit, and the reason for the requirements in question failed. On the same grounds the requirement that suit be brought in sixty days is inapplicable where it is not sought to reach funds impounded in the control of this ''stakeholder,'' but is an independent action on the contractual obligation of the surety. Application of these procedural provisions of section 3222, with the limitations and restrictions as to parties, jurisdiction and time, must be confined to cases in which the effort is to secure satisfaction from the special funds provided for and referred to in the Act.

Concurring with the Court of Appeals that the sixty-day limitation could not be invoked in this case, we have, on this ground, denied the writ.