592

THOMPSON & GREEN MACHINERY COMPANY, Inc., Appellant, v. TRAVELERS INDEMNITY COMPANY, Appellee.—421 S.W.(2d) 643.

Middle Section. July 28, 1967.

Vincent Fuqua, of Manier, Crouch, White & Herod, Nashville, for appellant.

R. G. Lazenby, of Glasgow & Adams, Nashville, for appellee.

TODD, J. Complainant, Thompson & Green Machinery Company, Inc., sued Clyde E. Martin and Clyde E. Martin, Inc., general contractors, and Travelers Indemnity Company, surety, for rental charges upon equipment used by the general contractors in performance of a contract for State highway construction. The general contractors admitted liability, a decree was rendered against them, no appeal was taken by them, and their liability is unquestioned in this Court.

The chancellor dismissed the suit of complainant against the defendant, Travelers Indemnity Company, and complainant has appealed to this Court, making the following assignments of error:

1. The Chancellor erred in holding that Tennessee Code Annotated, Section 12-422 governed the rights of the complainant in the bringing of its suit against the surety on the contractor's bond.

2. The chancellor erred in dismissing the complainant's suit for failure to have brought it within six months from the date of the completion of the State Highway Project.

Complainant's suit against Travelers Indemnity Company is based upon a performance bond which provides in part as follows:

In addition to the special terms and conditions hereinafter set out, it is understood and agreed by the contractor and his surety that all the terms, conditions and obligations contained in Chapter 4 of Title 12 of T.C.A. and in Section 54-519 et seq. of T.C.A., relating to bonds required of contractors on highways and public works, constitute a part of this contract bond and obligation as fully as if copied herein.

Chapter 4 of Title 12 of Tennessee Code Annotated, referred to in the contract is entitled "Public Contracts." It originated in the Acts of 1899 and was amended in 1925 before being incorporated into the Code of 1932. Pertinent sections of this statute are as follows:

Section 12-417. *Contractor's bond to pay for labor and materials.*—No contract shall be let for any public work in this state, by any city, county or state authority, until the contractor shall have first executed a good and solvent bond to the effect that he will pay for all the labor and materials used by said contractor, or

any immediate or remote subcontractor under him, in said contract, in lawful money of the United States. * * *

Section 12-420. *Action on bond by laborer or material-man.*—Any laborer or furnisher of labor or material to said contractor, or to any immediate or remote subcontractor under him, may bring an action on said bond, and have recovery in his own name, upon giving security, or taking the oath prescribed for poor persons as provided by law; but in the event of such suit, the city, county, or state, shall not be liable for any costs accruing thereunder.

Section 12-422. *Joinder of parties—Limitation of actions.*—Several persons entitled may join in one suit on such bond, or one may file a bill in equity in behalf of all such, who may, upon execution of a bond for costs, by petition assert their rights in the proceeding; provided, that action shall be brought or claims so filed within six (6) months following the completion of such public work, or of the furnishing of such labor or materials.

T.C.A. sec. 54-519 et seq., referred to in the contract, is part of Chapter 5 of Title 54 of Tennessee Code Annotated, entitled "State Highways." This Chapter originated in the Acts of 1917 and was amended in 1929 before being incorporated into the Code of 1932. Sec. 54-519 is as follows:

*Contractors must give bonds.*—All contractors with whom contracts are made by the department shall enter into good and solvent surety bond in an amount fixed by the department, conditioned that acceptance or service of process upon the commissioner shall be

service on them as their agent duly authorized to that end, and for the full and faithful performance of every part and stipulation of the contract, especially the payment for all materials purchased and for all labor employed in the contemplated work. This bond must be approved by the department and filed with its records.

There are other sections in said Chapter 5 referring to the payment of claims of subcontractors, laborers and materialmen out of funds retained by the Commissioner of Highways, but same are not material to the questions involved in this case. Atlantic Refining Co. v. Standard Accident Insurance Company, 174 Tenn. 11, 120 S.W.2d 687 (1938).

Complainant's first proposition of law in support of its assignments of error is:

When the statutes regulating contracts for public work generally are out of harmony with provisions of statutes regulating highway contracts, the provisions regulating highway contracts shall control the rights of all parties. Pan American Petroleum v. McQuary, 164 Tenn. 646, 51 S.W.2d 854.

In the case of Pan American Petroleum v. McQuary, cited by complainant, the question was whether the bond required by law of a principal contractor of a State highway project protects a remote subcontractor. The claimant contended that the Act of 1925 (amendment to Public Contracts Law) worked an amendment by implication of the Act of 1917 (State Highways) by adding to it a requirement that remote subcontractors be protected by law. In rejecting this contention, the Court said:

The difficulty, however, is this, if the act of 1925 touched the act of 1917 in one instance in which their provisions were conflicting, the latter act must have touched the former act in other instances in which their provisions were conflicting. Thus, under such interpretation, the provision of the act of 1917 requiring the highway commissioner to advertise for claims would be abrogated, and laborers and materialmen, at their peril, would be required to file their claims within thirty days after the contract was completed, without any advertisement.

The act of 1929 [amendment to State Highways Act] distinctly negatives the idea that any such result could be reached. It fully recognizes the duty of the highway commissioner to make the advertisement to which we have referred.

We think a proper construction of the statutes is that the act of 1899, and the act of 1925 relate to contracts for public work generally. That the act of 1917, and the act of 1929 relate to highway contracts only. In so far as the provisions of the acts of 1899 and 1925 on the one hand and the provisions of the acts of 1917 and 1929 on the other, are out of harmony, the provisions of the two acts last mentioned control the rights of all parties to highway contracts. 164 Tenn. at 650, 51 S.W.2d at 855.

Accordingly, in Southern Construction Co. v. Halliburton, supra, we held that in the two particulars noted the act of 1917 effected a repeal of the act of 1899, respecting highway contracts, although *it was suggested that for some purposes the act of 1899 might still cover highway contracts.* (Emphasis supplied), 164 Tenn. at 649, 51 S.W.2d at 854.

In the case of Southern Construction Co. v. Halliburton, 149 Tenn. 319, 258 S.W. 409 (1923), the Supreme Court held that in respect to State Highways the Act of 1917 effected a repeal of the Act of 1899 (Public Works) in two particulars: (1) extending of coverage to laborers and materialmen of subcontractors and (2) requiring the state to take the initiative to advertise for claims, and said:

It is impossible for the provisions of both acts to stand, as they undertake to regulate notice of claims for labor and material.

Although a later act may not cover the entire subject-matter of an earlier act, nor purport to provide a new system, if the later act is repugnant and irreconcilable on a particular point, it will operate as a repeal by implication to the extent of the repugnance and conflict. (citing cases).

So we must conclude that *in the details noted* (and there may be others) the act of 1917 effected a repeal by implication of the act of 1899. There was no general repeal of the act of 1899, even in its application to highway contracts. (Emphasis supplied). 149 Tenn. at 329-330, 258 S.W. 409, 412.

A careful examination of the provisions of Chapter 4 of Title 12, T.C.A. (Public Contracts) and Chapter 5 of Title 54, T.C.A. (State Highways) discloses no disharmony on the subject of limitations of actions against sureties on performance bonds.

Chapter 4 of Title 12, T.C.A. at sec. 12-422 limits all actions by all claimants against sureties on public contract bonds to six months. City of Knoxville v. Melvin F. Burgess, Inc., 180 Tenn. 412, 175 S.W.2d 548 (1943).

Chapter 5 of Title 54, T.C.A. is silent on this subject. It does not provide for suits against sureties at all.

Since there is no inconsistency between the Highway Act and the Public Contracts Act in regard to the right of the complainant to bring this action or the time within which the action should be brought, we hold, as suggested in Southern Construction Co. v. Halliburton, supra, that for the purposes of defining the rights of subcontractors, laborers and materialmen against sureties on performance bonds, T.C.A. sec. 12-422 is applicable to all public contracts, including State highway contracts.

We, therefore, respectfully disagree with complainant's first proposition of law as it relates to the facts of this case.

Complainant's second proposition of law in support of its assignments of error is:

In the absence of a specific period of limitation within the bond and in a suit directly against the surety on a highway project for the surety's contractual obligation to pay for all materials furnished, upon default of the contractor, the complainant has six years in which to sue. Atlantic Refining Co. v. Standard Accident Ins. Co., 174 Tenn. 11, 120 S.W.2d 687.

In the *Atlantic Refining Company* case the insistence of the surety was that the provisions of the State Highway Act of 1929 (T.C.A. sec. 54-523), which expressly required notice to the Commissioner of Highways within sixty days from last advertisement, also, by implication, required that suits be brought against the surety within sixty days. The Court held that the sixty day limitation pertained only to the remedy of the claimant against funds in the hands of the Highway Commissioner and

had no relation to suits of claimants against sureties on performance bonds. The applicability of T.C.A. sec. 12-422 (six months limitations) was not discussed in the opinion.

The second proposition of complainant rests in part upon the supposition that the bond executed by the defendant was a common law, not a statutory bond, and contained no specific period of limitation. This is inconsistent with the bond itself, which, as above quoted, specifically refers to and incorporates within itself the limitations of the very statute upon which the defendant relies. (T.C.A. sec. 12-422).

It results, therefore, that the suit of complainant which was admittedly not brought within the period of limitations provided in T.C.A. sec. 12-422, was subject to the plea of statute of limitations by this defendant and was properly dismissed.

We, therefore, are unable to agree with complainant's second and last proposition of law.

The disposition of complainant's propositions of law also disposes of both assignments of error.

The decree of the chancellor dismissing the complainant's original bill against the defendant is, therefore, affirmed with costs.

Shriver, P. J., and Puryear, J., concur.