STANDARD OIL COMPANY OF LOUISIANA, COMPLAINANT, AP-
PELLEE, *v.* JAMISON BROS., INCORPORATED, *et al.*, DE-
FENDANTS, APPELLANTS.

*(Nashville,* December Term, 1932.)

Opinion filed April 8, 1933.

54

ANDERSON, AUST, McGUGIN & EVANS, for complainant, appellee.

J. E. TRAVIS and MANIER & CROUCH, for defendants, appellants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This suit was brought by the Oil Company against Jamison Bros., Inc., a highway contractor, and Union Indemnity Company, its surety, on a refunding bond executed to the Highway Commissioner pursuant to Chapter 80, Acts of 1929, to recover for gasoline and oil furnished this contractor. The Chancellor gave decree for $9,850.58 and interest against both the contractor and the surety, and for $82.22 against the contractor alone, this amount not having been consumed on the highway project. The Indemnity Company only appeals.

Errors are assigned in seven paragraphs, most of which are general, without specific mention of the ground or reason relied on. (For example, ''The Chancellor erred in entering a judgment against the Union In-

demnity Company and in taxing it with the costs;'' and ''The Chancellor erred in failing to dismiss complainant's suit as to the Union Indemnity Company,'' etc., etc.)

However, from the brief of counsel we understand that, in substance, the insistence is (1) that neither the Highway Commissioner, nor the surety on the original bond made to the Commissioner, are made parties, and that as to them the statutory limitation of sixty days had run. We are not of opinion that they were necessary parties, for the same reason stated in *Moss Tie Company* v. *Newsom,* 164 Tenn., 515. Neither had any real interest. The language of the statute, ''All suits against contractors brought by any claimant shall make the Commissioner of Highways and Public Works a defendant'' is to be given a reasonable interpretation, and we think it applies only to cases in which the Commissioner has some concern,—in which his interest or that of the State may be affected. When a refunding bond is given and the retainage withdrawn by the contractor, the Commissioner of Highways passes out of the picture. And (2) that the bond ran to the State, and complainant had no right to sue thereon. The bond on its face names the Oil Company as a claimant for whose protection it is executed, and, even if this does not confer the right to sue thereon, the bond in express terms confers this right in its concluding paragraph. In commenting on this provision appellant says that this is a strictly statutory bond, and cites our holdings to the effect that provisions beyond the statutory requirements are surplusage merely. We think the bond is dual in its nature, as recognized in some of our cases (*Cass* v. *Smith,* 146 Tenn., 225, and *City of Bristol* v. *Bostwick,* 139 Tenn., 304), and the action there-

56

on by the Oil Company may be sustained in either aspect. And again, (3), it is insisted that the statute requires that after notice given suit must be brought within the period of sixty days prescribed, in order to give the claimant enforcible "secured" or "lien" rights against the retainage fund. We are not of opinion that the Indemnity Company can rely on this delay in view of the written forbearance agreement in the record, by the express terms of which it is stipulated that the Indemnity Company will not plead as a defense this sixty day limitation and agrees that any "suit that may be hereafter brought may stand in all particulars as though it was brought before the expiration of the said sixty days."

Learned counsel for the Indemnity Company say that this stipulation waiver of the sixty day limitation had no application to a suit on the refunding bond; and that it contained no waiver of the requirement of the statute that suits must be brought against the Commissioner and contractor within sixty days. Its terms above quoted are broad and preclude any reliance by the Indemnity Company on a failure to sue within sixty days on its claim. Moreover, when, as already suggested, a claimant has filed his claim after advertisement within the time required, and, as here, the contractor execute to the Commissioner a refunding bond, expressly listing the particular claimant, and withdraws the retainage, we are not of opinion that it is thereafter necessary that the Commissioner be sued in order to establish the validity of the claim. Full opportunity is afforded for defense thereto on the merits, as in the case at bar, when the suit is brought, as here, against the contractor and his surety on the refunding bond. We find nothing in *Jackson* v. *Equitable Co.*, 163 Tenn., 54, in conflict with this view.

That was a suit on a refunding bond. The holding that generally suits must be brought in sixty days from the last advertisement for claims has no application to a case like that before us, where the claim is filed in time, and a refunding bond is executed covering the identical claim and, particularly, where a waiver of the sixty day limitation is broadly expressed in a stipulation between the parties.

The decree is affirmed.