NATIONAL SURETY CORPORATION, Appellant,

*v.*

FISCHER STEEL CORPORATION, Appellee.

374 S. W. 2d 372

(*Jackson,* April Term, 1963.)

Opinion filed January 8, 1964.

LAUGHLIN, WATSON, CRESON, GARTHRIGHT & HALLE, Memphis, JAMES W. WATSON, Memphis, of counsel, for appellant.

MONTEDONICO, BOONE, GILLILAND, HEISKELL & LOCH, Memphis, FRANK J. GLANKLER, JR., and JAMES S. GILLILAND, Memphis, of counsel, for appellee.

Mr. Justice Holmes delivered the opinion of the Court.

This is an appeal by the National Surety Corporation from a decree of the Chancery Court rendering a judgment in the amount of $3,781.38 in favor of Fischer Steel Corporation against the appellant and Fred Young, a contractor. The National Surety Corporation is the surety upon a "labor and material payment bond" executed by Fred Young, as principal, to the Shelby County Board of Education. The facts in the case are stipulated.

On February 27, 1961 Fred Young entered into a contract with the Shelby County Board of Education for construction of an addition to a County school. The National Surety Corporation became the surety upon Fred Young's bond as such contractor. The Fischer Steel Corporation furnished materials to the contractor in the amount of the judgment, for which it has not been paid. The job was completed and accepted by Shelby County on October 5, 1961. Demand for payment was made by Fischer Steel Corporation, but no registered notice or personal delivery notice was given within 90 days after the completion of the work. The action was commenced

in the Chancery Court on September 26, 1962, which is within one year from the date of completion of the work and within one year from the date of the last delivery of materials, but more than six months following each of said dates. Fischer Steel Corporation furnished the materials directly to Fred Young, the contractor, and had a direct contract with him.

The bond sued on provides that Fred Young, as principal, and the National Surety Corporation, as surety, are held and firmly bound unto the Shelby County Board of Education "for the use and benefit of claimants as hereinbelow defined" in the amount of $161,779.00. The bond then makes reference to the contract to construct an addition to the school and makes that contract a part of the bond by reference. It then provides:

"NOW, THEREFORE, THE CONDITIONS OF THIS OBLIGATION is such that if the Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a subcontractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract."

The bond further provides that every claimant as above defined may sue on this bond and prosecute the

suit to final judgment for such sum or sums as may be justly due claimant and have execution therefor. It next provides that no suit or action shall be commenced by any claimant unless claimant ''other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within 90 days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made.''

The bond further provides no suit or action shall be commenced by any claimant ''after the expiration of one (1) year following the date on which Principal ceased to work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.''

The bond then fixes the venue of any action brought on the bond in a State Court of competent jurisdiction in the county in which the project or any part thereof is situated, or in the United States District Court for the district in which the project or any part thereof is situated. *The bond makes no reference to the Tennessee statutes relating to contractor's bonds for public work* in this state. T.C.A. secs. 12-417 to 12-422.

T.C.A. sec. 12-417 provides:

''No contract shall be let for any public work in this state, by any city, county or state authority, until the contractor shall have first executed a good and solvent bond to the effect that he will pay for all the labor and

materials used by said contractor, or any immediate or remote subcontractor under him, in said contract, in lawful money of the United States."

T.C.A. sec. 12-418 makes it a misdemeanor for any public officer to let or award a contract without requiring the bond provided for in T.C.A. sec. 12-417.

T.C.A. sec. 12-420 gives any laborer or furnisher of material the right to maintain an action on the bond in his own name.

T.C.A. sec. 12-421 provides:

"Such furnisher of labor or material, or such laborer, to secure the advantage of secs 12-417—12-422, shall, after such labor or material is furnished, or such labor is done, and within ninety (90) days after the completion of such public work, given written notice by return-receipt registered mail, or by personal delivery, either to the contractor who executed the bond, or to the public official who had charge of the letting or awarding of the contract".

This Section also provides the information to be contained in the notice.

T.C.A. sec. 12-422 provides that action shall be brought within six months following the completion of such public work.

The contentions of the National Surety Corporation are summarized in its brief as follows:

"It is the defendant surety company's contention that the complainant was required to give notice under the bond, and it denies that the complainant did give any notice to it or its co-defendant, as required by Section 12-421, T.C.A.

"It was further the contention of the defendant surety company that the complainant failed to bring its suit within the time limitation as prescribed by Section 12-422, T.C.A.

"In other words, it was the defendant's position that the bond was a statutory bond required on public jobs, and that the statutes as notices and limitations as to the bringing of suit are applicable, and that the complainant had no right of action against the defendant surety corporation, except as provided by Section 12-422, T.C.A."

\* \* \* \* \* \*

"* * * and that the complainant had no rights independent of Sections 12-421 and 12-422, T.C.A."

Certainly, if the bond executed by the surety gave complainant no rights, these contentions would be sound. The *bond* sued on *expressly provides* that furnishers of materials to the contractor are claimants under the bond with the right to maintain an action, thereon, and furnishers of materials having a direct contract with the principal (the contractor) are given a right of action on the bond without the requirement of giving the 90 day notice. The complainant in this case was such a furnisher. The bond provides such claimant may institute his action within one year following the cessation of work. This bond does not refer to the statutes, or in any way make the statutory provisions a part of the conditions of the bond.

■ Third party beneficiary contracts are recognized and enforced in Tennessee in the suit of the third party beneficiary. *Associated Indemnity Corporation, etc. v. McAlexander,* 168 Tenn. 424, 443, 79 S.W.2d 556; *Peoples*

402

*Bank v. Baxter,* 41 Tenn.App. 710, 723, 298 S.W.2d 732, 738. The rights of a laborer or furnisher of materials under bonds similar to that sued on in this case are stated as follows in Restatement, Security, Section 165:

"Where a surety for a contractor on a construction contract agrees in terms with the owner that the contractor will pay for labor and materials, or guarantees to the owner the promise of the contractor to pay for labor and materials, those furnishing labor or materials have a right against the surety as third party beneficiaries of the surety's contract, unless the surety's contract in terms disclaims liability to such persons."

This same rule is stated in 2 Williston on Contracts, Third Edition, Section 372. At Pages 931, 933, of that text, it is stated:

"And where the terms of the bond do not conform to the statute the bond will be construed as containing any omitted provisions—when promises go beyond the statutory requirements they are ordinarily given effect as common law obligations."

One of the authorities cited for the last above quoted statement from Williston is *Standard Oil Company v. Jamison Brothers,* 166 Tenn. 53, 59 S.W.2d 522. The oil company in that case was made a claimant under the terms of the bond sued on and was allowed a recovery as a third party beneficiary, the Court recognizing that provisions in a bond which go beyond the statutory requirements constitute a valid common law undertaking of the surety.

In *Day v. Walton,* 199 Tenn. 10, 281 S.W.2d 685, the Court stated the general rule to be 'that a bond, whether

required by statute or not, is good at common law if entered into voluntarily for a valid consideration, and if it is not repugnant to law or the policy of the law, the surety is bound according to its terms. According to all authorities such bond is treated as simply a contract." 199 Tenn. at Page 22, 281 S.W.2d at Page 691. See also *United States Fidelity & Guaranty Company v. Rainey,* 120 Tenn. 357, 389 et seq., 113 S.W. 397, 405.

In the Day case the Court pointed out that the rule of strict construction in favor of sureties is generally confined to volunteer, uncompensated, accommodation sureties, and is not extended to corporate or paid sureties. As we have pointed out, the bond sued on in the case at bar expressly authorizes a furnisher of materials who furnishes same by direct contract with the contractor, as the complainant did in this case, to maintain a suit against the surety without the necessity of giving any 90 day notice. The bond also provides that this suit may be so maintained at any time within one year following the date on which the contractor ceased work on the contract. These are rights given to such furnisher over and beyond any of the provisions of applicable statutes.

The principal case relied upon by the complainant is *Hogan v. Walsh & Wells, Inc.,* 180 Tenn. 670, 177 S.W. 2d 835. In that case, the question presented was whether or not a furnisher of labor and materials could maintain an action against the surety on the bond of a contractor who had a public works contract with the City of Memphis, although such contractor did not give notice of his claim in accordance with the statute (T.C.A. sec. 12-421). The bond, in that case, expressly gave rights to the furnisher over and above those given by statute. In sustaining the right of the complainant to recover under

the terms of the bond sued on in that case, the Court stated:

"The parties were capable of entering into such an undertaking. The City had authority to demand a bond broader in its scope than that required by the State statutes, and the surety in the regular course of its business, and no doubt for a sufficient consideration, assumed all the obligations and conditions incorporated in the bond.

"Where a statute requires that the contractor for a public improvement shall 'give a bond conditioned for the payment of labor and materials the bond may be conditioned more broadly than the statute requires, and if a bond so conditioned is voluntarily given in consideration of the contract, its extra-statutory provisions may be enforced as a valid common-law obligation.' 43 Am.Jur., Public Works and Contracts, sec. 146; *Clatsop County ex rel. Hildebrand v. Feldschau,* 101 Or. 369, 199 P. 953, 954, 18 A.L.R. 1221."

The Court then quoted with approval at length from the Feldschau case, which is probably the leading case in this country, holding that furnishers of labor and materials may maintain action on such bonds, according to the tenor of such bonds, as third party beneficiaries thereof independent of the provisions of the statutes.

In the Hogan case, the Court distinguished that case from *City of Knoxville v. Melvin F. Burgess,* 180 Tenn. 412, 175 S.W.2d 548, which is the principal Tennessee case relied upon by the appellant, and from the earlier cases of *City of Bristol v. Bostwick,* 139 Tenn. 304, 202 S.W. 61, and *Cass v. Smith,* 146 Tenn. 218, 240 S.W. 778, and stated:

"In the three cases cited above the bonds were held to be statutory bonds because the conditions in the bonds were limited to the language of the statutes, and the furnishers of labor and materials had no right of action against the obligors except by virtue of the statutes." 180 Tenn., at pages 673, 674, 177 S.W.2d at 836.

The appellant also strongly relies upon *United States Fidelity & Guaranty Company v. Tafel Electric Company*, 262 Ky. 792, 91 S.W.2d 42, in which a suit was instituted in Kentucky on a contractor's bond under a contract with the State Board of Education of Tennessee. In that case, "It was recited in the bond that it was the intention of the parties to the contract to execute a statutory bond in compliance" with T.C.A. secs 12-417 to 12-422. The Kentucky Court held that the furnisher of materials was not a party to the contract, nor to the bond, and had no rights other than those given by the Tennessee statutes. Since the bond recited that it was the intention of the parties to execute a statutory bond in compliance with the Tennessee statutes, and since the bond gave no rights to furnishers of labor or material over and beyond that given by the statute, the Court held, "These laws became a part of the contract and bond and must be read into them the same as if expressly incorporated into their terms". The bond sued on in the Tafel case was not a bond giving to furnishers of labor and material rights as third party beneficiaries over and beyond the rights conferred by the statutes.

In *Knoxville v. Burgess,* supra, the bond contained no period of limitation for suit and contained no provision with reference to notice of claim.

In the case at bar, the bond contains specific provisions with reference to both of these matters which gave rights over and beyond those provided for in the statute. There is no reference to the statutes in this bond. The provisions of the bond in the instant case make applicable the rules of law announced in the Hogan case, and not the rules stated in the Burgess case.

It is further contended by the appellant that the provision in the bond that "it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof, such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law," reduces the contractual period of limitation in this case from one year to six months because of the six months period of limitation fixed in T.C.A. sec. 12-422.

The above quoted provision is the standard provision contained in insurance contracts providing for a contractual period of limitation less than the statutory period of limitation. It is expressly provided that the contractual period of limitation of one year contained in the bond is to be changed only if the "limitation embodied in this bond is prohibited by any law."

There is no law prohibiting the contractual period of limitation contained in the bond. The Chancellor so held, and we agree. For the reasons stated, the bond sued on in this case is a valid common law contract enforceable by the complainant as a third party beneficiary according to its terms. The assignments of error are overruled. The decree of the Chancery Court is affirmed.