FRAYSER ASSEMBLY CHRISTIAN
SCHOOL, Appellant,

v.

Ronald Wayne PUTNAM, Appellee.

Supreme Court of Tennessee.

May 31, 1977.

Louis E. Eubanks, Joseph T. Kirkland, Jr., Memphis, for appellant.

Lawrence E. Marshall, Winchester, Walsh & Marshall, Memphis, for appellee.

OPINION

BROCK, Justice.

This is a workmen's compensation case. The complaint demanded judgment for benefits for medical expenses, temporary total disability and partial or total permanent disability. The answer contested plaintiff's claim as alleged.

On March 4, 1976, the trial court entered a decree adjudging that the accident alleged was compensable, awarding $7,123.87 for medical expenses incurred and awarding benefits totaling $3,380.00 for temporary total disability from January 28, 1975, the date of the accident, through January 1, 1976. This decree expressly reserved to some future hearing a determination of plaintiff's claim for "future medical expenses and permanent disability . . . without prejudice to the rights of either party to introduce proof on these matters." The decree also contained the defendant's exception to "all aspects of the instant order" and granted leave to the defendant to "post a bond and to otherwise perfect its appeal within thirty (30) days of the entry of this order." [1]

This appeal was thereafter timely perfected and assignments of error and briefs were filed in this Court. However, prior to oral argument, the appellee filed a motion that the cause be remanded to the trial court with leave granted to either party to make application to the trial court for a compliance with the requirements of T.C.A., § 27–305, for the allowance of a discretionary interlocutory appeal. The appellant, in responding to this motion, agreed that the cause should be remanded, not for a compliance with T.C.A., § 27–305, but for the entry of a final decree adjudicating all is-

1. On March 25, 1976, another order was entered granting "an appeal and an appeal in the nature of a writ of error" and allowing until April 1, 1976, for the filing of an appeal bond and until May 31, 1976, for filing and approval of a bill of exceptions.

sues and claims for relief contained in the pleadings.

In *Aetna Casualty & Surety Co. v. Miller*, Tenn., 491 S.W.2d 85 (1973), this Court held that a decree in a workmen's compensation case which, like this one, adjudicates compensability and awards benefits for temporary total disability but reserves to a future date the determination of the employee's claim of permanent disability was not a final decree and, therefore, was not appealable to this Court in the absence of a statute conferring jurisdiction of such an interlocutory decree or judgment. Because the interlocutory appeals statute, T.C.A., § 27–305, as it then existed, did not cover such a decree, the Court dismissed the appeal and remanded the cause for entry of a final decree adjudicating all issues presented by the pleadings.

Since the *Aetna* decision, T.C.A., § 27–305, has been extensively amended. It may be that this statute, as now worded, will permit an interlocutory appeal of a decree such as is here involved, although we express no opinion, one way or the other, whether it will or not. That question is not ripe for decision upon this record.

Even if T.C.A., § 27–305, be assumed, *arguendo*, to permit an interlocutory appeal from a decree or judgment such as the instant one, it is clear that the requirements prescribed by that statute for certification by the trial judge of such an appeal have not been met in this case. A compliance with such requirements is an absolute prerequisite to an appeal under this statute. *Loyd v. State Farm Mut. Auto. Ins. Co.*, Tenn., 521 S.W.2d 556 (1975). A proper certificate is essential to confer jurisdiction upon the appellate court. The required certification must be contained in the judgment or decree appealed from or in the order granting the appeal. That was not done in this case.

Accordingly, the instant appeal must be dismissed. The cause is remanded to the trial court for further appropriate proceedings which, in the discretion of the court, may consist of an adjudication of all issues and entry of a final decree or the allowance

of an interlocutory appeal in compliance with the requirements of T.C.A., § 27–305, if the court considers that such an appeal is permissible under that statute and should be granted.

Costs of this appeal are taxed against the appellant.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.