Juliett WADDELL and Dorothy Waddell, Plaintiffs-Appellants,

v.

Fred L. DAVIS, Individually and d. b. a. Fred L. Davis Insurance Agency, Defendants-Appellees.

Court of Appeals of Tennessee, Western Section.

July 24, 1978.

Certiorari Denied by Supreme Court Oct. 10, 1978.

Richard Glassman, Memphis, for plaintiffs-appellants.

Leo Bearman, Memphis, for defendants-appellees.

MATHERNE, Judge.

This lawsuit presents two basic issues for determination: (1) the proper application of the fourth paragraph of T.C.A. § 27–305, which permits a trial judge to direct entry of a final judgment in favor of one or more but fewer than all parties; and (2) whether a passenger in a motor vehicle which was not covered by uninsured motorists insurance because of the negligence of the insurance agent can sue the agent directly for damages sustained when the motor vehicle in which she was riding was struck by an unknown hit-and-run driver. The trial judge sustained the agent's motion to dismiss, and the plaintiff appeals.

I.

Jacqueline E. Knight, the owner of a 1975 model Oldsmobile Cutlass automobile, applied to Fred L. Davis d. b. a. Fred L. Davis

Insurance Agency for liability and uninsured motorist coverage in the amounts of $10,000 for each person and $20,000 for each accident. Knight paid a $119.00 premium for coverage from August 2 until November 2, 1975, and paid an additional $119.00 premium for the coverage to be extended to February 2, 1976. All contacts for insurance were made to the Davis agency and all premiums were paid to it. The policy was to have been issued by Cotton Belt Insurance Company, Inc.

On or about January 27, 1976, while a passenger in the Oldsmobile owned by Knight, the plaintiff Juliet Waddell was injured when an unknown driver of a hit-and-run vehicle struck the vehicle in which she was riding causing it to veer out of control and strike a lamp post. The plaintiff, on direction of Knight, contacted the Davis agency and was told that no policy of insurance had been issued to Knight covering the Oldsmobile.

The plaintiff sued Fred Davis, individually and d. b. a. Fred Davis Insurance Agency, alleging that: (1) Davis was negligent in his failure to obtain the uninsured motorist coverage on the Knight vehicle as agreed; and (2) that the plaintiff is a third-party beneficiary to the contract between Knight and Davis. The plaintiff also sued Cotton Belt Insurance Company, Inc. and the owner of the Oldsmobile, Jacqueline E. Knight. Dorothy Waddell, the mother of Juliet Waddell, joined in as party plaintiff to recover for medical expenses she paid on behalf of her daughter.

Davis filed a motion to dismiss upon the following grounds:

1.  The Complaint on its face fails to state a claim upon which relief can be granted.
2.  There is no privity between the plaintiffs and this defendant and, therefore, the plaintiffs have no cause of action against this defendant.

The trial judge in a memorandum opinion dismissed the lawsuit against Davis. The trial judge also held that Dorothy Waddell, the mother of the injured plaintiff, could not sue for medical expenses she paid on behalf of her daughter because the attorney for the plaintiff stated in open court that the daughter was *sui juris.*

## II.

The trial judge, following the fourth paragraph of T.C.A. § 27–305, expressly ruled that the judgment of dismissal as to Davis was final and directed its entry as he found no just reason for delay in entering judgment. Under T.C.A. § 27–305, that ruling rendered the judgment final. Had the trial judge not so ruled, he could have revised the judgment at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. T.C.A. § 27–305.

The trial judge went further and certified certain controlling questions of law as to which he found substantial ground for difference of opinion, stated that he was of the opinion that an immediate appeal from the judgment may materially advance the ultimate determination of the litigation and allowed a discretionary appeal under the third paragraph of T.C.A. § 27–305.

We would like to attempt a clarification of the procedure under the third paragraph of T.C.A. § 27–305, as distinguished from the procedure under the fourth paragraph of that section.

The third paragraph of section 27–305 deals with appeals from interlocutory orders. When an appeal is granted under that paragraph on the ground of controlling questions of law, it has been held that the trial judge must specifically certify the controlling questions of law. *Tenn. Dept. of Mental Health, Etc. v. Hughes* (Tenn.1975), 531 S.W.2d 299; *Frayser Assembly Christian School v. Putnam* (Tenn. 1977), 552 S.W.2d 746. The trial judge must also certify that there is substantial ground for difference of opinion on those questions of law and he is of the opinion that an immediate appeal from the order may materially advance the ultimate termi-

nation of the litigation. With that certification, the trial judge may grant an appeal from an interlocutory order which he entered in the cause. The appellate court may in its discretion accept or reject the appeal. T.C.A. § 27–305.

When the legislature added the fourth paragraph to section 27–305, it put the litigants in a different "ball park" because that paragraph does not deal in any way with an appeal from an order of any kind, be it interlocutory or final. The word "appeal" is not to be found in the fourth paragraph. Yet, the paragraph was added to a statute formerly titled "Discretionary appeal before final decision." This confusion apparently arose by reason of the fact that the Tennessee Rules of Civil Procedure omitted, or marked "reserved," Rule 54.02 under the title "Judgments—Costs." In 1975 the Supreme Court of Tennessee recommended to the legislature several amendments to the Rules, one of which was the inclusion of a proposed Rule 54.02. The legislature did not adopt the proposed amendments, but it did enact proposed Rule 54.02 as the fourth paragraph of T.C.A. § 27–305.

The fourth paragraph of T.C.A. § 27–305 sets out the manner by which an order as to one or more but fewer than all the parties may be made a final order as to those parties. Where an order is made final under the fourth paragraph, it is not necessary nor proper for the trial judge to certify controlling questions of law under the third paragraph of the statute. Such appeal is not a discretionary appeal from an interlocutory order; it is an appeal from a final judgment as to those parties.

When the trial court refuses or fails to render the order final under the fourth paragraph, a question arises as to whether an appeal will lie. The order is interlocutory in the sense that the trial judge can change the order at any time prior to his adjudging the claims, rights and liabilities of all the parties. In *Loyd v. State Farm Mutual Automobile Ins. Co.* (Tenn.1975), 521 S.W.2d 556, the Court refused to accept an appeal because the trial judge had failed to expressly render final a judgment as to one or more but fewer than all the parties. The Court on order of remand stated:

> The trial judge, in his discretion, may certify the determination and direction required by T.C.A. § 27–305, as amended, under the fourth paragraph thereof, *or he may certify the importance of the question presented under the third paragraph thereof* or, of course, he is free to withhold the entry of any judgment until a final disposition of the case. (Emphasis added)

The Supreme Court has, therefore, held that where the judgment as to one or more but fewer than all the parties is not rendered final under the fourth paragraph, the appeal may be pursued under the third paragraph. We will, of course, follow that ruling. We do note, however, that this Court will be very reluctant to accept an appeal under the third paragraph from an order determining the claims of one or more but fewer than all the parties where that order is not made final. It would be rather futile for this Court to determine the questions certified when the trial judge can change his mind and rescind the order at any time prior to a settlement of the claims, rights and liabilities of all the parties.

We will, therefore, not consider the controlling questions of law as submitted by the trial judge, but we will review the record as on appeal from a final judgment.

### III.

It must be here noted that the plaintiffs' lawsuit is not based upon a contract of insurance; no policy was issued. The plaintiffs sue the agent Davis for damages based upon his negligent failure to have the policy issued. Plaintiffs sue Cotton Belt Insurance Company under the theory of *respondeat superior,* seeking damages as a result of the negligent failure to act on the part of Cotton Belt's agent, Davis.

The trial judge erred in basing his decision upon the cases of *McCall v. Maryland Casualty Company* (Tenn.1974), 516 S.W.2d 353 and *Glover v. Tenn. Farmers Mutual Ins. Co.* (1971), 225 Tenn. 306, 468 S.W.2d 727. The court in both of these cases held that the lawsuit by the insured based upon uninsured motorist coverage must be brought pursuant to T.C.A. § 56–1153 and a direct suit against the insurer was not allowed. Both lawsuits dealt with situations where a policy containing uninsured motorist coverage was, in fact, issued. In the case at bar, the policy was never issued and this fact is sufficient to except the present case from the rule pronounced in *McCall* and *Glover,* supra.

■ The plaintiffs argue that they are third-party beneficiaries to the contract between the owner of the vehicle and Davis whereby Davis was to obtain uninsured motorist coverage for the owner. Third-party beneficiary contracts are recognized and enforced in Tennessee at the suit of the third-party beneficiary. *National Surety Corp. v. Fischer Steel Corp.* (1964), 213 Tenn. 396, 374 S.W.2d 372. Further, we hold that where a promise is made to benefit a third-party on the happening of a contingency, the third-party may sue on the contract upon the occurrence of the contingency. Compare *Johnson v. Holmes Tuttle Lincoln-Mercury* (1958), 160 Cal.App.2d 290, 325 P.2d 193.

■ This cause is presently being considered only upon the motion to dismiss which was filed by Davis. On motion to dismiss we take the averments of the complaint as true, therefore for the purposes of the motion we find that a contract did exist between the owner of the vehicle and Davis whereby the latter was to obtain a contract of uninsured motorist coverage for the owner, and the defendant Davis negligently breached that contract. The issue is whether the plaintiff, an injured passenger in the owner's automobile, can establish that she is a third-party beneficiary to the contract between the owner and Davis.

The test is whether the plaintiff-passenger would have been an "insured" under the policy had it been issued as contracted for. In 12 Couch on Insurance 2d, § 45:645 (2d Ed. 1964); it is stated that the term "insured" under an uninsured motorist endorsement includes the named insured, his spouse, relatives living in the same household, operators with permission and occupants of the insured vehicle. The policy that should have been issued is not before the Court. We can not say on motion to dismiss whether the plaintiff-passenger would have been an insured under the policy contracted for, had it been issued. A fact question is presented which requires proof.

■ We hold that if the plaintiff-passenger establishes that she would have been an insured under the policy contracted for, she can maintain this action as a third-party beneficiary to the contract to obtain the insurance. If she would have been an insured under the policy contracted for, she would not be merely incidentally benefited by the contract to obtain the coverage because the contract to procure the coverage was made for the direct and immediate benefit of any person within the designation of an "insured" under the policy contracted for.

■ We hold that the plaintiff-passenger is entitled to bring this lawsuit and that the trial court erred in sustaining Davis' motion to dismiss.

■ The trial judge dismissed the suit of Dorothy Waddell, the mother of the plaintiff Juliet Waddell, for medical bills she paid for her daughter. The trial judge took this action on his finding that Juliet Waddell was *sui juris.* The daughter might be of full legal capacity but facts may exist which would entitle the mother to recover for necessities furnished to the daughter. Compare *Sayne v. Sayne* (1955), 39 Tenn. App. 422, 284 S.W.2d 309. We feel that this matter should be factually explored before dismissing the suit of the mother.

The judgment of the trial court is reversed. This lawsuit is remanded to the

trial court for such further proceedings as the law requires. The cost in this Court is adjudged against the defendant Fred L. Davis individually and d. b. a. Fred L. Davis Insurance Agency for which cost execution may issue, if necessary.

NEARN and SUMMERS, JJ., concur.